**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG**

KIMBERLY D. WELLER,
KIMBERLY D. WELLER
as Executor for the Estate of
RICHARD B. WELLER, and
RICHARD BRADLEY WELLER,

                                   Plaintiffs,        Civil Action No. 3:16-cv-00110
                                                     (Groh)

v.

JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION,

                                   Defendant.

---

**MOTION *IN LIMINE* NUMBER 4**

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S
MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OR REFERENCES
TO CHASE REFUSING TO ACCEPT PAYMENTS MADE BY PLAINTIFFS**

COMES NOW Defendant JPMorgan Chase Bank, N.A. (hereinafter "Defendant" or "Chase"), by and through undersigned counsel, and respectfully moves the Court to exclude evidence or references to Chase purportedly rejecting payments made by Plaintiffs. Plaintiffs assert that they made payments to Chase but Chase refused to accept them.

Generally, an original writing, or a duplicate thereof, is required to prove its content. Fed. R. Evid. 1002 and 1003. The best evidence rule, or Federal Rule of Evidence 1004, provides the limited circumstances upon which other evidence of the content of a writing may be allowed, including, in relevant part "[a]ll originals are lost or destroyed, unless the proponent lost or destroyed them in bad faith . . . ." Fed. R. Evid. 1004(1). This Court has recently opined further on the application of the best evidence rule as follows:

1

> "The proponent of the secondary evidence has the burden of proving loss or destruction, which are preliminary facts for the court to determine under Rule 104(a). Thus, the proponent must show by a preponderance of the evidence that all originals have been lost or destroyed. This means that the burden is not sustained where the proponent merely casts doubt as to the existence of the original." Wright & Gold, Federal Practice and Procedure: Evidence § 8014. As the Fourth Circuit once explained, "the party who offers secondary evidence of the contents of a document alleged to be lost must go farther than to show that it is doubtful whether or not the document exists; he must demonstrate to the satisfaction of the court that although it once existed, it cannot be found despite a diligent and unsuccessful search and that there is no reasonable probability that it has been designedly withheld or suppressed." *Sellmayer Packing Co. v. Commissioner*, 146 F.2d 707, 710 (4th Cir. 1944).

*Warden v. PHH Mortg. Corp.*, 799 F. Supp. 2d 635, 642 (N.D.W. Va. 2011).

Plaintiffs' Amended Complaint asserts that Chase "repeatedly refus[ed] to accept payments that Plaintiffs offered on the account." (Am. Compl. ¶¶ 100 and 104(a)). Before Plaintiffs can testify to any wrongful refusal of a payment, however, Plaintiffs must submit admissible evidence of the existence of the payment itself. Despite producing over 2,000 pages of documents, Plaintiffs have produced no evidence of any writing which they contend to evidence a payment which was refused by Chase. Further, Plaintiffs' depositions tell a contradictory different story. Plaintiff Kimberly D. Weller repeatedly testified that she could not remember anything about Chase refusing payments and further opined that "[Chase's counsel] going to have to ask Brad." (Kimberly D. Weller Deposition, attached hereto as **Exhibit 1**, at 126:22 -127:3). Plaintiff Richard Bradley Weller, for his part, testified that Chase never refused a payment sent by him. (Richard Bradley Weller Deposition, attached hereto as **Exhibit 2**, at 46:9-11). In short, Plaintiffs have no evidence that a payment was sent to Chase and subsequently refused. Federal Rule 1004 does not allow Plaintiffs to use secondary evidence, specifically self-serving testimony, to establish such a fact. Accordingly, Plaintiffs should be barred from offering any such testimony.

Even if Plaintiffs are allowed to circumvent the best evidence rule, any proffer of evidence should be barred under Rule 403 of the Federal Rules of Evidence.  There is little probative value in allowing Plaintiffs to vaguely recall, with as little detail as possible, purported sporadic payments being refused by Chase. Moreover, allowing such evidence would substantially prejudice Chase as it would require Chase to prove a negative—the exact scenario Rule 1002, 1003, and 1004 were designed to prevent.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant JPMorgan Chase Bank, N.A. respectfully moves this Court to exclude any testimony or reference to Chase refusing to accept payments by Plaintiff, and to grant Chase such other and further relief as the Court deems just and proper.

**JPMORGAN CHASE BANK, N.A.**

/s/ Nathan I. Brown
Nathan I. Brown, Esquire (WV Bar No. 11900)
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
949 Third Avenue, Suite 200
Huntington, West Virginia  25701
Telephone: (304) 526-3500
Facsimile: (304) 526-3599

*Counsel for Defendant JPMorgan Chase Bank, N.A.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**AT MARTINSBURG**

KIMBERLY D. WELLER,
KIMBERLY D. WELLER
as Executor for the Estate of
RICHARD B. WELLER, and
RICHARD BRADLEY WELLER,

                               Plaintiffs,       Civil Action No. 3:16-cv-00110
                                                              (Groh)

v.

JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION,

                               Defendant.

_____

### CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on this 24th day of July, 2017, the foregoing

***"Defendant JPMorgan Chase Bank, N.A.'s Motion in Limine to Exclude Evidence or Reference***

***to Chase Refusing to Accept Payments made by Plaintiffs"*** was filed with the Court through the

CM/ECF system which will automatically send electronic notification of the filing to the following

individual:

                        Jennifer S. Wagner, Esquire
                        Mountain State Justice, Inc.
                        215 South 3rd Street, Suite 901
                        Clarksburg, WV 26301
                        Jennifer@msjlaw.org
                        *Counsel for Plaintiffs*

                        /s/ Nathan I. Brown_____

4