## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISSTRICT OF WEST VIRGINIA
## AT MARTINSBURG

**KIMBERLY D. WELLER,**
**KIMBERLY D. WELLER**
**as Executor for the Estate of**
**RICHARD B. WELLER, and**
**RICHARD BRADLEY WELLER,**

      **Plaintiffs,**

**v.**                                               **Civil Action No. 3:16-CV-110**

**JPMORGAN CHASE BANK,**
**NATIONAL ASSOCIATION,**

      **Defendant.**

### PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

Plaintiff respectfully submits his proposed jury instructions, attached hereto.

Plaintiff reserves the right to supplement or amend these instructions to conform to the evidence presented at trial and any rulings of the Court.

The instructions and verdict form are attached as follows:

Instruction No. 1                    Deceptive Representations

Instruction No. 2                    Unfair or Unconscionable Means

Instruction No. 3                    Refusal to Apply Payments

Instruction No. 4                    Fraud

Instruction No. 5                    Breach of Contract

Instruction No. 6                    Illegal Debt Collection

Instruction No. 7                    Damages

Instruction No. 8                    Punitive Damages

Instruction No. 9                    Preponderance of the Evidence

Instruction No. 10                    Definition of "Consumer"

**Plaintiffs,**
**KIMBERLY D. WELLER,**
**KIMBERLY D. WELLER**
**as Executor for the Estate of**
**RICHARD B. WELLER, and**
**RICHARD BRADLEY WELLER,**
**By Counsel,**

  /s/ Jennifer S. Wagner
Jennifer S. Wagner (WV Bar No. 10639)
Mountain State Justice, Inc.
215 S. Third Street, Suite 901
Clarksburg, WV 26301
(304) 326-0188
(304) 326-0189 (fax)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISSTRICT OF WEST VIRGINIA
AT MARTINSBURG**

**KIMBERLY D. WELLER,
KIMBERLY D. WELLER
as Executor for the Estate of
RICHARD B. WELLER, and
RICHARD BRADLEY WELLER,**

      **Plaintiffs,**

**v.**                                      **Civil Action No. 3:16-CV-110**

**JPMORGAN CHASE BANK,
NATIONAL ASSOCIATION,**

      **Defendant.**

## PLAINTIFFS' INSTRUCTION NUMBER 1: DECEPTIVE REPRESENTATIONS

The Court instructs the jury that West Virginia law prohibits a loan servicer such as Defendant JPMorgan Chase Bank, National Association, from using any fraudulent, deceptive or misleading representation or means to collect or attempt to collect claims or to obtain information concerning consumers. Any attempt to collect money on the debt, including through foreclosure, counts under the law as a means to collect.

Kimberly Weller alleges that Chase violated this prohibition including by misrepresenting the status of her application for assistance, misrepresenting that it had not received documents that it had received from her, misrepresenting what documents or information were necessary to complete an application for assistance, misrepresenting the timeframes for an application for assistance, misrepresenting that it was providing assistance to her, misrepresenting whether or not foreclosure sales had been set on the home, misrepresenting whether it was required to provide her certain documents on request, misrepresenting whether she was or was not obligated on the account, misrepresenting that she should not or could not make payments on the account,

misrepresenting amounts due, misrepresenting the status of the account, misrepresenting that the account may be increased by the addition of attorney's fees or other illegal default fees, misrepresenting its obligations under the contract, misrepresenting the status of the foreclosure sale, and by misrepresenting the status or requirements of the loan modification process. Chase denies this claim.

If the jury finds that Chase used any fraudulent, deceptive or misleading representation or method to collect from Ms. Weller, to attempt to collect from Ms. Weller, or to obtain information about Ms. Weller, the jury should find for Ms. Weller on this claim. Upon such a finding, the jury should set forth the number of times Chase violated this law, and should award Ms. Weller her actual damages for the violations.

## **Legal Authority**

W. Va. Code § 46A-2-127

*McFarland v. Wells Fargo Bank, N.A.*, 19 F. Supp. 3d 663, 677 (S.D.W. Va. 2014), *vacated in part on other grounds,* 810 F.3d 273 (4th Cir. 2016)

*Koontz v. Wells Fargo, N.A.*, No. 2:10-CV-00864, 2011 WL 1297519, at *6 (S.D.W. Va. Mar. 31, 2011)

*Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373 (4th Cir. 2006)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISSTRICT OF WEST VIRGINIA
AT MARTINSBURG

KIMBERLY D. WELLER,
KIMBERLY D. WELLER
as Executor for the Estate of
RICHARD B. WELLER, and
RICHARD BRADLEY WELLER,

       **Plaintiffs,**

v.                                 **Civil Action No. 3:16-CV-110**

JPMORGAN CHASE BANK,
NATIONAL ASSOCIATION,

       **Defendant.**

## PLAINTIFFS' INSTRUCTION NUMBER 2: UNFAIR OR UNCONSCIONABLE MEANS

The Court instructs the jury that West Virginia law prohibits a loan servicer such as Defendant from using unfair or unconscionable means to collect or attempt to collect on the loan. Any attempt to collect money on the debt, including through foreclosure, counts under the law as a means to collect.

Kimberly Weller alleges that JPMorgan Chase Bank violated this law, including by refusing payments from Ms. Weller, instructing Ms. Weller not to make payments, refusing to speak about the account with Ms. Weller or her representatives, scheduling foreclosure sales when applications were pending, failing to timely or appropriately review pending applications, providing Ms. Weller with conflicting and inaccurate information about her account and requirements for receiving assistance, advising Ms. Weller to undertake extraordinary steps to complete loss mitigation applications, refusing to honor the 2013 loan assumption and modification, and refusing to provide necessary information about the account on request. Chase denies this claim.

If the jury finds that Chase used any unfair or unconscionable means to collect or attempt to collect, the jury should find for Ms. Weller on this claim. Upon such a finding, the jury should set forth the number of times Chase violated this law, and should award Ms. Weller her actual damages for the violations.

**<u>Legal Authority</u>**

W. Va. Code § 46A-2-128 (1990); *id.* (2014); *id.* (2015)

*McFarland v. Wells Fargo Bank, N.A.*, 19 F. Supp. 3d 663, 677 (S.D.W. Va. 2014), *vacated in part on other grounds,* 810 F.3d 273 (4th Cir. 2016)

*Petty v. Countrywide Home Loans, Inc.*, No. CIV.A. 3:12-6677, 2013 WL 1837932, at *13 (S.D.W. Va. May 1, 2013)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISSTRICT OF WEST VIRGINIA
AT MARTINSBURG

KIMBERLY D. WELLER,
KIMBERLY D. WELLER
as Executor for the Estate of
RICHARD B. WELLER, and
RICHARD BRADLEY WELLER,

      Plaintiffs,

v.                                      Civil Action No. 3:16-CV-110

JPMORGAN CHASE BANK,
NATIONAL ASSOCIATION,

      Defendant.

### PLAINTIFFS' INSTRUCTION NUMBER 3: REFUSAL TO APPLY PAYMENTS

The Court instructs the jury that at the time of the events of this lawsuit, West Virginia law required a loan servicer such as Defendant to immediately credit all payments to the loan upon receipt. The law prohibited a loan servicer from refusing to accept payments, from otherwise instructing a consumer not to make payments on the loan, from failing to promptly credit payments to the loan upon receipt, or from failing to properly credit payments to amounts due.

Ms. Weller alleges that Chase violated this law including by failing to promptly or properly apply her payments to her account, by refusing her payments, and by instructing her not to make payments. Chase denies this claim.

If the jury finds that Chase refused payments, did not immediately credit payments, did not properly credit payments, or instructed Ms. Weller not to make payments, the jury should find for Ms. Weller on this claim. Upon such a finding, the jury should set forth the number of times Chase violated this law, and should award Ms. Weller her actual damages for the violations.

**<u>Legal Authority</u>**

W. Va. Code § 46A-2-115 (2003)

*Patrick v. PHH Mortgage Corp.*, 937 F. Supp. 2d 773, 783 (N.D.W. Va. 2013)

*Petty v. Countrywide Home Loans, Inc.*, No. CIV.A. 3:12-6677, 2013 WL 1837932, at *13 (S.D.W. Va. May 1, 2013)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISSTRICT OF WEST VIRGINIA
AT MARTINSBURG**

KIMBERLY D. WELLER,
KIMBERLY D. WELLER
as Executor for the Estate of
RICHARD B. WELLER, and
RICHARD BRADLEY WELLER,

      **Plaintiffs,**

v.                                **Civil Action No. 3:16-CV-110**

JPMORGAN CHASE BANK,
NATIONAL ASSOCIATION,

      **Defendant.**

## PLAINTIFFS' INSTRUCTION NUMBER 4: FRAUD

A claim for fraud or misrepresentation arises from either the utterance of a falsehood or the concealment of truth.  Fraud is the concealment of the truth just as much as it is the utterance of a falsehood.  The Court instructs the jury that to establish fraud and concealment, Kimberly Weller or Brad Weller must show the following: that Chase suppressed a material fact or misrepresented a material fact; that Brad Weller or Kimberly Weller relied on Chase's misrepresentation or suppression and was justified under the circumstances in relying on it; and that Brad Weller or Kimberly Weller was damaged as a result.

Fraud must be proven by "clear and convincing evidence." Clear and convincing evidence is evidence that produces in your mind a firm belief or conviction as to the matter at issue.  You must be persuaded by the evidence that the claim is highly probable. Clear and convincing evidence involves a greater degree of persuasion than is necessary to meet the preponderance of the evidence standard.  If Kimberly Weller, Brad Weller, or the estate of Richard Weller fails to

establish any element of their fraud claim by clear and convincing evidence, then you must find in favor of Chase.

Brad Weller, Kimberly Weller, and the estate of Richard Weller each allege that Chase made misrepresentations to them and concealed material facts regarding how they could avoid foreclosure and that Chase was following industry standard in servicing the account; that they relied on these misrepresentations by following Chase's instructions; and that they were damaged as the proximate result. Chase denies this claim.

If you find the above by clear and convincing evidence then you must find in favor of Kimberly Weller and/or Brad Weller and/or the estate of Richard Weller on their fraud claim and award damages as instructed.

**Legal Authority**

Syl. Pt. 2, *Quicken Loans, Inc. v. Brown*, 230 W. Va. 306, 737 S.E.2d 640, 644 (2012)

*Bowens v. Allied Warehousing Servs., Inc.*, 229 W. Va. 523, 530 (2012)

W. Va. Code § 55-7-8a

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISSTRICT OF WEST VIRGINIA
## AT MARTINSBURG

KIMBERLY D. WELLER,
KIMBERLY D. WELLER
as Executor for the Estate of
RICHARD B. WELLER, and
RICHARD BRADLEY WELLER,

      **Plaintiffs,**

v.                                 **Civil Action No. 3:16-CV-110**

JPMORGAN CHASE BANK,
NATIONAL ASSOCIATION,

      **Defendant.**

### PLAINTIFFS' INSTRUCTION NUMBER 5: BREACH OF CONTRACT

The Court instructs the jury that in order to prevail on a claim for breach of contract, Ms. Weller or the estate of Richard Weller must demonstrate (1) that there is a contract between the parties, (2) that Chase did not comply with one or more provision or term of the contract, and (3) that Ms. Weller was damaged or hurt as a result. Incorporated into every contract is a requirement that the parties must act in good faith under the contract and deal with one another fairly, and in keeping with commercially reasonable practices. If a party exercises its discretion under the contract, it must do so in good faith and with fair dealing, or it will have breached the contract.

Kimberly Weller asserts that Chase breached the deed of trust. The Court instructs the jury that this contract requires Chase to apply all payments to the account in a certain manner, prohibits the assessment of attorneys' fees to the account, prohibits the assessment of other fees that are not permitted by state law to the account, requires compliance with all state law, requires that discretion to modify or alter the terms of the agreement is exercised in good faith, and requires that

all other servicing activities are conducted in good faith. Ms. Weller alleges that Chase breached the contract by failing to comply with each of these responsibilities. Chase denies the claim.

If the jury finds that Chase breached any term of the deed of trust, and that Ms. Weller was injured as a result, the jury must find in Ms. Weller's favor on the breach of contract claim, and award Ms. Weller her actual damages.

The estate of Richard Weller asserts that Chase breached the note and the deed of trust. The Court instructs the jury that these contracts require Chase to apply all payments to the account in a certain manner, prohibits the assessment of attorneys' fees to the account, prohibits the assessment of other fees that are not permitted by state law to the account, requires compliance with all state law, requires that discretion to modify or alter the terms of the agreement is exercised in good faith, and requires that all other servicing activities are conducted in good faith. The estate of Mr. Weller alleges that Chase breached the contracts by failing to comply with each of these responsibilities. Chase denies the claim.

If the jury finds that Chase breached any term of the deed of trust or note, and that Mr. Weller's estate was injured as a result, the jury must find in Mr. Weller's estate's favor on the breach of contract claim, and award Mr. Weller's estate its actual damages.

## Legal Authority

*Sneberger v. Morrison*, 235 W. Va. 654, 669, 776 S.E.2d 156, 171 (2015)

Syl. Pt. 1, *State ex rel. Thornhill Group, Inc. v. King,* 233 W.Va. 564, 759 S.E.2d 795 (2014)

*Wetzel County Savings & Loan Co. v. Stern Bros., Inc.,* 156 W.Va. 693, 698, 195 S.E.2d 732, 736 (1973)

*Mullins v. GMAC Mortg., LLC*, No. No. 1:09-CV-00704, 2011 WL 1298777, at *3-*4 (S.D.W. Va. Mar. 31, 2011)

*Evans v. United Bank, Inc.,* 235 W. Va. 619, 628, 775 S.E.2d 500, 509 (2015)

*Harless v. First Nat. Bank in Fairmont,* 162 W.Va. 116, 122, 246 S.E.2d 270, 274 (1978)

*Petty v. Countrywide Home Loans, Inc.*, No. CIV.A. 3:12-6677, 2013 WL 1837932, at *10 (S.D.W. Va. May 1, 2013).

W. Va. Code § 46-1-203

W. Va. Code § 55-7-8a

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISSTRICT OF WEST VIRGINIA
## AT MARTINSBURG

**KIMBERLY D. WELLER,**
**KIMBERLY D. WELLER**
**as Executor for the Estate of**
**RICHARD B. WELLER, and**
**RICHARD BRADLEY WELLER,**

      **Plaintiffs,**

**v.**                                  **Civil Action No. 3:16-CV-110**

**JPMORGAN CHASE BANK,**
**NATIONAL ASSOCIATION,**

      **Defendant.**

### PLAINTIFFS' INSTRUCTION NUMBER 6: ILLEGAL DEBT COLLECTION

West Virginia law prohibits a loan servicer such as Defendant Chase to communicate with a consumer after it receives written notice from the consumer or her attorney that the consumer is represented by an attorney with regard to the subject debt.

Ms. Weller alleges that Chase violated this law by attempting to communicate with her after she advised it that she was represented by a lawyer. Chase denies the claim.

If the jury finds that Chase communicated or attempted to communicate, either in writing or orally, with Ms. Weller after she notified it that she was represented by counsel, the jury should find for Ms. Weller on this claim. Upon such a finding, the jury should set forth the number of times Chase violated this law, and should award Ms. Weller her actual damages for the violations.

### Legal Authority

W. Va. Code § 46A-2-128(e) (2015)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISSTRICT OF WEST VIRGINIA
AT MARTINSBURG

KIMBERLY D. WELLER,
KIMBERLY D. WELLER
as Executor for the Estate of
RICHARD B. WELLER, and
RICHARD BRADLEY WELLER,

      Plaintiffs,

v.                                Civil Action No. 3:16-CV-110

JPMORGAN CHASE BANK,
NATIONAL ASSOCIATION,

      Defendant.

**PLAINTIFFS' INSTRUCTION NUMBER 7: DAMAGES**

In determining actual damages, you shall consider the following:

1. Compensatory damages for any economic losses incurred;

2. Compensatory damages for any non-economic losses or injuries incurred, including emotional distress; and

3. Nominal damages, which are defined as a small sum, may be awarded, though the amount of actual damages is not shown.  Where an actionable wrong is shown, nominal damages may be recovered from the mere fact of such wrong.

If you find that either Ms. Weller, Mr. Weller, or the estate of Mr. Weller is entitled to damages from Chase, you may consider the elements of annoyance and inconvenience in determining the appropriate measure of damages resulting from Chase's acts.  In considering the elements of annoyance and inconvenience, you are to measure them by an objective standard of ordinary persons, acting reasonably under the given conditions.

**Legal Authority**

*Ashland Oil Company v. Donahue*, 159 W.Va. 463, 223 S.E.2d 433 (1976)

*K.M.C., Inc. v. Irving Trust Company*, 757 F.2d 752 (6th Cir. 1985)

*State National Bank v. Farah Mfg. Company*, 678 S.W.2d 661 (Tex. Ct. App. 1984)

*Harless v. First National Bank*, 169 W. Va. 673, 289 S.E.2d 692 (1982)

*Harper v. Consolidated Bus Lines*, 117 W. Va. 228, 185 S.E. 225 (1936)

*City National Bank v. Wells*, 384 S.E.2d 374, 382-84 (W. Va. 1998)

*Muzelak v. King Chevrolet, Inc.*, 368 S.E.2d 710 (W. Va. 1988)

*Adams v. Nissan Motor Corp.*, 387 S.E.2d 288 (W. Va. 1989)

*City National Bank v. Wells*, 384 S.E.2d 374, 382-84 (W. Va. 1998)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISSTRICT OF WEST VIRGINIA**
**AT MARTINSBURG**

**KIMBERLY D. WELLER,**
**KIMBERLY D. WELLER**
**as Executor for the Estate of**
**RICHARD B. WELLER, and**
**RICHARD BRADLEY WELLER,**

      **Plaintiffs,**

**v.**                                                    **Civil Action No. 3:16-CV-110**

**JPMORGAN CHASE BANK,**
**NATIONAL ASSOCIATION,**

      **Defendant.**

**<u>PLAINTIFFS' INSTRUCTION NUMBER 8: PUNITIVE DAMAGES</u>**

The law permits the jury under certain circumstances to award the injured person punitive and exemplary damages in order to punish the wrongdoer for some extraordinary misconduct, and to serve as an example or warning to others not to engage in such conduct.

In order to recover punitive damages, either Brad Weller or Kimberly Weller must prove by a preponderance of the evidence that he or shee was injured by Chase Bank through means of gross fraud, malice, oppression, wanton, willful, or reckless conduct or criminal indifference to civil obligations somehow affecting Ms. Weller's or Mr. Weller's rights. The jury may only return an award for punitive damages with a finding of compensatory damages.

If the jury should find from a preponderance of the evidence in the case that the act or omission of Chase Bank that proximately caused actual injury or damage to Ms. Weller or Mr. Weller was maliciously, wantonly, recklessly or oppressively done, then the jury may, if in the exercise of discretion they unanimously choose to do so, award such amount as the jury shall unanimously agree to be proper as punitive and exemplary damages.

An act or a failure to act is maliciously done if prompted or accompanied by ill will or spite or grudge either toward the injured person individually or toward all persons in one or more groups or categories of which the injured person is a member.

An act or a failure to act is wantonly done if done in reckless disregard or callous disregard of or indifference to the rights of one or more persons including the injured person.

An act or a failure to act is oppressively done if done in a way or manner which injures or damages or otherwise violates the rights of another person with unnecessary harshness or severity as by misuse, or abuse of authority, or power, or by taking advantage of some weakness or disability or misfortune of another person.

Whether or not to make any award of punitive and exemplary damages is a matter exclusively within the province of the jury. Punitive damages must bear a reasonable relationship to the harm that is likely to occur as a result of the Chase Bank's conduct as well as to the harm that has actually occurred. If Chase Bank's actions caused or would likely cause in a similar situation only slight harm, the damages should be relatively small. If the harm or potential harm is grievous, the damages should be greater. The jury may also consider the reprehensibility of the Chase Bank's conduct and should take into account how long Chase Bank continued in its actions, whether it was aware that its actions were causing or were likely to cause harm, whether it attempted to conceal or cover up its actions or the harm caused by it, whether/how often it engaged in similar conduct and whether it made reasonable efforts to make amends by offering a fair and prompt settlement for the actual harm once liability became clear. If Chase Bank profited from its wrongful conduct, the punitive damages should remove the profit and should be excess of the profit, so that the award discourages future bad acts by Chase Bank. As a matter of fundamental

fairness, punitive damages should bear a reasonable relationship to compensatory damages.  The financial position of Chase Bank is also relevant.

**<u>Legal Authority</u>**

*Vandevender v. Sheetz Inc.*, 200 W.Va. 591, 490 S.E.2d 678 (1977)

*Fleming Landfill v. Garnes*, 186 W. Va. 656, 413 S.E.2d 897 (1991)

*Smith v. Wade*, 461 U.S. 30, 103 S. Ct. 1625, 75 L.Ed.2d 632 (1983)

*Quicken Loans, Inc. v. Brown*, 230 W. Va. 306, 737 S.E.2d 640 (2012)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISSTRICT OF WEST VIRGINIA
# AT MARTINSBURG

**KIMBERLY D. WELLER,**
**KIMBERLY D. WELLER**
**as Executor for the Estate of**
**RICHARD B. WELLER, and**
**RICHARD BRADLEY WELLER,**

      **Plaintiffs,**

**v.**                                      **Civil Action No. 3:16-CV-110**

**JPMORGAN CHASE BANK,**
**NATIONAL ASSOCIATION,**

      **Defendant.**

## PLAINTIFFS' INSTRUCTION NUMBER 9: PREPONDERANCE OF THE EVIDENCE

Plaintiffs have the burden of proving each element of their claims by the preponderance of the evidence. The preponderance of the evidence means that something is more likely true than not. In other words, a preponderance of the evidence in the case means such evidence, as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds a belief that what is sought to be proved is more likely true than not true. While the burden is on Plaintiffs to prove his or her claim by a preponderance of the evidence, this rule does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.  In a civil case, as opposed to criminal cases, it is proper to find that Ms. Weller or Mr. Weller has succeeded in carrying the burden of proof, if, after consideration of all the evidence in the case, including all circumstances as well as direct testimony, you believe that the evidence of Ms. Weller or Mr. Weller outweighs that of Chase Bank, even in the slightest degree.

## Legal Authority

PREPONDERANCE OF THE EVIDENCE, Black's Law Dictionary (10th ed. 2014)

*McCullough v. Clark*, 88 W. Va. 22, 106 S.E. 61, 70 (1921)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISSTRICT OF WEST VIRGINIA
AT MARTINSBURG**

KIMBERLY D. WELLER,
KIMBERLY D. WELLER
as Executor for the Estate of
RICHARD B. WELLER, and
RICHARD BRADLEY WELLER,

      **Plaintiffs,**

v.                                 **Civil Action No. 3:16-CV-110**

JPMORGAN CHASE BANK,
NATIONAL ASSOCIATION,

      **Defendant.**

### PLAINTIFFS' INSTRUCTION NUMBER 10: DEFINITION OF "CONSUMER"

Ms. Weller asserts three claims under the debt collection portions of the West Virginia Consumer Credit Protection Act: her claims for deceptive representations; unfair or unconscionable conduct; and illegal debt collection. Under West Virginia law, Ms. Weller can only assert these claims if she is a "consumer." The law defines Ms. Weller as a consumer if the evidence shows that she was obligated or allegedly obligated on a debt. A person is allegedly obligated on a debt if the creditor attempts to collect the debt from that person or tells her that she is responsible for the debt, even if she is not. Ms. Weller asserts that she is allegedly obligated on the debt because Chase told her that she owed on the loan. Ms. Weller also asserts that she is allegedly obligated on the loan because she entered into an agreement with Chase in 2013 that made her obligated on the loan, even though Chase refused to honor that agreement. If the jury finds that Ms. Weller was allegedly obligated or actually obligated on the loan, it can then decide if Chase violated the law by engaging in deceptive representations, unfair or unconscionable conduct, or illegal debt collection, as previously instructed.

In addition, Ms. Weller asserts a claim for Chase's failure to apply her payments under the West Virginia Consumer Credit Protection Act. Under this provision, the definition of "consumer" is a person who incurs a debt pursuant to a consumer loan. Ms. Weller asserts that she is a consumer, and therefore can assert her claim for refusal to apply payments, because she incurred a debt in 2013 pursuant to the LAMP contract that Chase offered her. If the jury finds that Ms. Weller incurred the debt at issue, it can then decide if Chase violated the law by refusing to apply her payments as previously instructed.

**<u>Legal Authority</u>**

W. Va. Code § 46A-2-122 (1996)

W. Va. Code Ann. § 46A-1-102(12)

*Croye v. Greenpoint Mortg. Funding, Inc.*, 740 F. Supp. 2d 788, 797-98 (S.D.W. Va. 2010)

*Washington v. Green Tree Servicing, LLC,* No. 1:15-cv-354, 2017 WL 1857258, *11-*12 (S.D. Ohio May 5, 2017)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISSTRICT OF WEST VIRGINIA
## AT MARTINSBURG

**KIMBERLY D. WELLER,**
**KIMBERLY D. WELLER**
**as Executor for the Estate of**
**RICHARD B. WELLER, and**
**RICHARD BRADLEY WELLER,**

      **Plaintiffs,**

**v.**                    **Civil Action No. 3:16-CV-110**

**JPMORGAN CHASE BANK,**
**NATIONAL ASSOCIATION,**

      **Defendant.**

### CERTIFICATE OF SERVICE

I, Jennifer S. Wagner, counsel for the Plaintiffs, do hereby certify that on the 24th day of July, 2017, I electronically filed *Plaintiffs' Proposed Jury Instructions* with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

Randall L. Saunders, Esq.
Nathan I. Brown, Esq.
Kendra L. Huff, Esq.
Ashley N. Quaranta, Esq.
Nelson Mullins Riley & Scarborough LLP
949 Third Avenue, Suite 200
Huntington, WV 25701

          /s/ Jennifer S. Wagner_____
          Jennifer S. Wagner (State Bar ID No. 10639)