IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISSTRICT OF WEST VIRGINIA
AT MARTINSBURG

KIMBERLY D. WELLER,
KIMBERLY D. WELLER
as Executor for the Estate of
RICHARD B. WELLER, and
RICHARD BRADLEY WELLER,

     Plaintiffs,

v.                                                    Civil Action No. 3:16-CV-110

JPMORGAN CHASE BANK,
NATIONAL ASSOCIATION,

     Defendant.

**PLAINTIFFS' OBJECTIONS TO DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

Plaintiffs lodge the following objections to Defendant's proposed jury instructions. Plaintiffs reserve the right to raise additional objections or proposed additional instructions as the need arises.

**Defendant's Jury Instruction Number 1: Burden of Proof**

Plaintiffs object to this instruction because does not accurately set forth the burden of proof, especially in light of the fact that Defendant asserts the affirmative defense of the statute of limitations. The instruction is further heavily slanted toward convincing the jury that Plaintiffs have not presented their claims properly, rather than properly setting forth the legal standard, and as a result, it is prejudicial. Defendant's cited authority does not provide the prejudicial language that proposes should be used in its instruction and does not otherwise support the instruction.

Plaintiff's proposed instruction number 9 more accurately sets forth the law in a manner that is understandable to the lay person and is not prejudicial; Plaintiffs thus respectfully request

that it be provided and Defendant's proposal be rejected. In addition, any instruction on the burden of proof should clarify that Defendant bears the burden on demonstrating its affirmative defenses.

### Defendant's Jury Instruction Number 2: Business Organizations -- Fair Treatment

Plaintiffs object this instruction as unnecessary and prejudicial. Further, the legal authority cited by Defendant does not set forth the standard advanced by Defendant in this instruction. This instruction is not necessary and should not be provided to avoid unnecessary confusion and prejudice to the jury.

### Defendant's Jury Instruction No. 3: Credibility of Witnesses

Plaintiffs object to this instruction as advancing potentially discriminatory motives by the jury, by setting forth that the jury may be guided by such factors as the general "appearance" of the witnesses (rather than appearance while testifying) and the "intelligence" of the witnesses, which should not be proper factors in evaluating credibility.

Defendant cites a 1910 West Virginia case, *Pennington v. Gillaspie*, 66 S.E. 1009, 1015 (W. Va. 1910), in support of its proposed instruction. This case does not support Defendant's proposal. First, the proper authority for an instruction should be from the Fourth Circuit Court of Appeals. Moreover, this case approves of *not* providing an instruction on credibility. If such an instruction is provided, the case would have the Court's simply instruct that the jury may make a conclusion "not only from the number of witnesses who may have testified on either side of the case, but from the demeanor, character, reputation or credibility of the witnesses." Such an instruction would not be objectionable. Defendant's additional commentary, however, would lead to discriminatory and prejudicial results.

This instruction is not necessary and should not be provided to avoid unnecessary confusion and prejudice to the jury. However, to the extent that the Court wishes to provide an

instruction on credibility, Plaintiffs propose that the instruction suggested in the *Pennington* case or the pattern jury instructions provided by the West Virginia Supreme Court of Appeals, or an equivalent instruction based on federal authority, be provided rather than Defendant's proposal.

**Authority: W. Va. Pattern Jury Instruction § 1303;** *Pennington v. Gillaspie*, **66 S.E. 1009, 1015 (W. Va. 1910)**

### Defendant's Jury Instruction No. 4: Expert Witnesses

Plaintiff objects to the proposed jury instruction and unnecessarily long and confusing, such that it may be prejudicial. While the first paragraph of the instruction is supported by appropriate authority, the remainder of the instruction is not. First, the appropriate authority would be federal, not West Virginia authority. Second, the cases cited do not provide the instruction that Defendant sets forth. *See* Syl. Pt. 2, *Papenhaus v. Combs*, 170 W. Va. 211, 212, 292 S.E.2d 621, 622 (1982) ("The testimony of expert witnesses on an issue is not exclusive, and does not necessarily destroy the force or credibility of other testimony. The jury has a right to weigh the testimony of all witnesses, experts and otherwise; and the same rule applies as to the weight and credibility of such testimony."); *see also Webb v. Chesapeake & O. Ry. Co.*, 105 W. Va. 555, 144 S.E. 100, 103 (1928). Rather, the West Virginia Supreme Court of Appeals has provided a pattern instruction that is far less confusing and prejudicial than Defendant's proposed instruction. *See* W. Va. P.J.I. § 1307.

Defendant's proposed instruction is not necessary and should not be provided to avoid unnecessary confusion and prejudice to the jury. However, to the extent that the Court wishes to provide an instruction on expert testimony, Plaintiffs propose that the Court provide the pattern jury instruction provided by the West Virginia Supreme Court of Appeals or an equivalent instruction based on federal authority, rather than Defendant's proposal.

**Authority: W. Va. Pattern Jury Instruction § 1307**

### Defendant's Jury Instruction No. 5: Consumer

Plaintiffs object to Defendant's proposed instruction, which does not reflect West Virginia law, and suggests that the Court use their proposed instruction on this issue instead.

First, it is confusing to include the two separate statutory definitions in the same paragraph. This is likely to lead the jury to conflate the two definitions or otherwise cause confusion.

In addition, Defendant sets forth an inaccurate definition of "allegedly obligated" that is not found in the statute or the cases cited. Specifically, no legal authority requires that the consumer have "*actually believed* she was personally obligated," as set forth by Defendant. Rather, the standard is that *the creditor* "*represented to* plaintiffs that they remain personally liable on the debt." *Young v. EOSCCA*, 800 S.E.2d 224, 228 (W. Va. 2017) (quoting *Fabian v. Home Loan Ctr., Inc.*, No. 5:14-cv-42, 2014 WL 1648289, at *6) (emphasis altered). Similarly, the additional formulations provided by Defendant in the proposed instruction do not track either the statute or the cases interpreting the statute. As a result, Defendant's proposal should be rejected.

Defendant's proposed instruction is confusing, prejudicial, and contrary to controlling legal authority. As a result, it should not be provided and Plaintiff's proposed instruction number 10 should be provided instead.

### Defendant's Jury Instruction No. 6: Debt Owed

Plaintiffs object to this instruction because it has no basis in applicable law and does not set forth an element of any claim. Instead, it creates a new element that is contrary to law and highly prejudicial to Plaintiffs. Under the WVCCPA, Ms. Weller must only show that she is a consumer, as defined therein, and that she otherwise satisfies the elements of the particular claim. As is evidenced by Defendant's complete lack of statutory authority cited, the WVCCPA does *not* require that Ms. Weller demonstrate that there is "an actual debt related to her," as Defendant

asserts. In fact, this would be completely contrary to the "allegedly obligated" portion of the definition of consumer, as explained and approved in the recent *Young v. EOSCCA* case cited by Defendant.

Because this proposed instruction is entirely contrary to the applicable law, it should be omitted and no alternative instruction should be provided.

**Defendant's Jury Instruction No. 7: No Duty-Loan Assumption and Modification**

Plaintiffs object to this instruction as prejudicial, unsupported by the law, contrary to the facts, and unnecessary.

First, Defendant's refer to "a mortgage originated with Ms. Weller's deceased husband." In fact, the mortgage (or rather, the deed of trust, as is required in West Virginia) was originated with *both* Ms. Weller and Mr. Weller.

Second, Defendant's instruction is contrary to law and improperly instructs the jury to find against Plaintiffs. Plaintiffs bring a claims for fraud and misrepresentation, asserting that Defendant misrepresented that it would provide them with assistance and that their submission of materials would lead to an accurate and appropriate evaluation of the application. In a fraud claim, the material misrepresentation does give rise to a duty, even if no duty otherwise existed. Under Defendant's instruction, the jury would be required to find against Plaintiffs, which is wholly inappropriate under applicable law. *See, e.g.*, *Corder v. Countrywide Home Loans, Inc.*, No. CIV.A. 2:10-0738, 2011 WL 289343, at *4 (S.D.W. Va. Jan. 26, 2011).

Defendant's "authority," consisting of unpublished federal cases interpreting state law, does not support its instruction. The portion of *Kesling v. Countrywide Home Loans, Inc.*, 2011 WL 227637, *4 (S.D.W. Va. Jan. 24, 2011), cited addresses a claim for breach of duty of good faith and fair dealing, and holds that this claim does not exist in this context. Plaintiffs do not bring

this claim, so this authority is not applicable. Similarly, *Spoor v. PHH Mortgage Corp.*, 2011 WL 883666, *6 (N.D.W. Va. Mar. 11, 2011), addresses a breach of contract claim premised solely on a breach of the duty of good faith and fair dealing, without an express breach of contract. Again, because this is not the circumstance here—where Plaintiffs assert claims under the WVCCPA, for fraud, and for breach of contract including express breaches of the contract—these cases (to the extent that they are even instructive) do not apply.

In addition, this instruction could confuse the jury about the relief that Plaintiffs are entitled to if they prevail on their claims, including the arrears that accrued on the loan as the result of Defendant's misconduct.

Because the instruction misstates the law at issue and requires the jury to find against Plaintiffs, it is highly prejudicial, confusing, inaccurate, and should not be given. No alternative should be offered.

**Defendant's Jury Instruction No. 8: Misrepresentations in Debt Collection**

Plaintiffs object to this instruction because it misstates the law. The first paragraph is an accurate statement of the law, but the remainder of the proposed instruction restates that law improperly.

In Defendant's third and fourth paragraphs, Defendant limits the provision to statements made "in pursuit of collecting or recovering a debt" and "as part of an effort to collect the mortgage loan." This is not consistent with the law. Rather, the provision also applies to statements make "to obtain information about consumers." W. Va. Code § 46A-2-127. This applies to attempts to obtain information in the loan modification/loss mitigation process. *See, e.g.*, *McNeely v. Wells Fargo Bank, N.A.*, No. 2:13-CV-25114, 2014 WL 7005598, at *3 (S.D.W. Va. Dec. 10, 2014) (citing *McFarland v. Wells Fargo Bank, N.A.,* 19 F.Supp.2d 663 (S.D.W. Va. 2014); *Petty v.*

*Countrywide Home Loans, Inc.,* No. 3:12–6677, 2013 WL 1837932, at *13 (S.D.W. Va. May 1, 2013) ; *Ranson v. Bank of Am., N.A.,* No. 3:12–5616, 2013 WL 1077093, at *9 (S.D.W. Va. Mar.14, 2013); *Koontz v. Wells Fargo, N.A.,* No. 2:10–cv–00864, 2011 WL 1297519, at *6 (S.D.W. Va. Mar.31, 2011); *Harless v. First Nat'l Bank in Fairmont,* 162 W.Va. 116, 246 S.E.2d 270, 275–76 (W.Va.1978)) (attached).[1]

In addition, Defendant limits the conduct deemed to violate the provision to "misrepresentations," while the statute contains a far broader formulation, including prohibiting deceptive representations, misleading representations, and the use of deceptive or misleading means or methods to collect or obtain information. W. Va. Code W. Va. Code § 46A-2-127.

Defendant's final paragraph is also problematic because it implies "essential elements" into the claim that do not exist.

Defendant's proposed instruction is contrary to the law, and as a result should be rejected. Plaintiffs respectfully request that their proposed instruction number 1, which is consistent with the law, be provided instead.

## Defendant's Jury Instruction No. 9: Unfair or Unconscionable Means

Plaintiffs object to this jury instruction because it conflates their claims for unfair or unconscionable means under section 46A-2-128 of the West Virginia Code and their separate claim for illegal debt collection under section 46A-2-128(e) of the West Virginia Code. Defendant's instruction in paragraphs two and three can be construed to assert that Plaintiffs must demonstrate liability under subsection -128(e) to recover, when in fact that is not the case. *See* W. Va. Code § 46A-2-128 (setting forth that "[n]o debt collector may use unfair or unconscionable

---

[1] Plaintiffs attach hereto all additional authority cited herein that was not previously attached to their proposed jury instructions or to Defendant's proposed jury instructions.

means to collect or attempt to collect any claim. *Without limiting the general application of the foregoing*, the following conduct is deemed to violate this section." (emphasis added).)

This formulation is highly prejudicial and confusing. As a result, it should be rejected and two separate instructions for Plaintiffs' two separate claims should be provided, as is set forth in Plaintiffs' proposed instructions numbered 2 and 6.

### Defendant's Jury Instruction Number 10:
### No Debt Collection for Loan Modification Review

Plaintiffs object to this instruction because it has no basis in applicable law and does not set forth an element of any claim. Instead, it creates a new element that is contrary to law and highly prejudicial to Plaintiffs. Under the WVCCPA, Ms. Weller must only show that she is a consumer, as defined therein, and that she otherwise satisfies the elements of the particular claim. As is evidenced by Defendant's complete lack of statutory authority cited, the WVCCPA does *not* prohibit a claim in the context of loss mitigation review. This would be completely contrary to the prohibition on the use of deceptive representations or means to collect "to obtain information concerning consumers." W. Va. Code § 46A-2-127; *see also supra* Obj. to Def.'s Instr. No. 8. The proposed instruction also is contrary to the definition of consumer as including those "allegedly obligated" even if a debt does not exist, as explained and approved in the recent *Young v. EOSCCA* case cited by Defendant. *See supra* Obj. to Def.'s Instr. No. 5. Defendant's sole citation is to a case that has been squarely distinguished in the instant context. *See, e.g.*, *McNeely v. Wells Fargo Bank, N.A.*, No. 2:13-CV-25114, 2014 WL 7005598, at *3 (S.D.W. Va. Dec. 10, 2014) (explaining was *Spoor* was inapplicable to this context, and citing authority reaching the same result).

Because this proposed instruction is entirely contrary to the applicable law and prejudicial to Plaintiffs, it should be omitted and no alternative instruction should be provided.

### Defendant's Jury Instruction No. 11: Refusal of Payments

Plaintiffs object to this instruction because it mischaracterizes Plaintiff's claim and misstates the applicable law. As Plaintiffs set forth in their response to Defendant's motion for summary judgment and their proposed jury instructions, section 46A-2-115 prohibits the following conduct: (1) refusal of payments as evidenced by the creditor's return of payments sent to the creditor; (2) refusal of payments as evidenced by the creditor's refusal to accept payments that are offered, by either providing instructions not to make payments or orally advising that the payments would not be accepted or would be returned; and (3) failure to credit payments "upon receipt against payments due," including by not crediting payments immediately upon receipt and by not crediting payments properly to amounts due on the account. W. Va. Code § 46A-2-115(c) (2003); *see also, e.g.*, *Patrick v. PHH Mortgage Corp.,* 937 F. Supp. 2d 773, 783 (N.D.W. Va. 2013); *Petty v. Countrywide Home Loans, Inc.*, No. CIV.A. 3:12-6677, 2013 WL 1837932, at *13 (S.D.W. Va. May 1, 2013).

In contrast to the language of the statute and all applicable authority, Defendant would have the jury instructed that the claim is limited to return of payments sent in, rather than payments proffered by Plaintiff and then refused by Defendant when it told her that it would not accept the payments or that they would be returned. This is contrary to law. *See id.* In addition, Defendant's instruction inaccurately states that "placing the amount tendered into a suspense or unapplied funds account" requires a finding for Chase. This is inconsistent with the statute, which requires application "upon receipt *against payments due*," not placed in a separate account that does not credit the payments against the amount due. W. Va. Code § 46A-2-115(c) (2003). Finally, Defendant improperly states that the provision applies to a "debt collector" and a "borrower," rather than the formulation and definitions that apply to this statute. This further confuses the issues

related to the definition of "consumer" and applicability of this statute, as described above in Plaintiff's Objections to Defendant's Instruction Number 5.

Defendant's proposed instruction is confusing and contrary to the law. As a result, it should be rejected. Plaintiffs respectfully request that Plaintiffs' proposed instruction number 3, which properly applies the law, be given instead.

### Defendant's Proposed Instruction No. 12: Fraud

Plaintiffs object to Defendant's proposed instruction because it wholly misstates the law.

First, Defendant asserts that Plaintiffs "must overcome a presumption of innocence and honesty." Defendant has cited no authority from the West Virginia Supreme Court of Appeals that sets forth this presumption, nor have Plaintiffs been able to locate any. This formulation should be rejected as having no basis in West Virginia law.

Defendant also misstates the evidentiary standard, which is "clear and convincing evidence." *See, e.g.*, *Bowling v. Ansted Chrysler-Plymouth-Dodge, Inc.*, 188 W. Va. 468, 472, 425 S.E.2d 144, 148 (1992) (citing cases). Further, "Fraud does not have to be proved by direct and positive evidence but may be established by circumstantial evidence." Syl. Pt. 2, *Work v. Rogerson*, 152 W. Va. 169, 170, 160 S.E.2d 159, 161 (1968). Defendant's instruction indicates a requirement of direct and positive evidence that runs contrary to this standard.

In addition, the instruction states that both Plaintiffs must prevail on the claim in order to succeed. This is not the case; rather, any one Plaintiff may separately prevail on this claim.

Defendant further proposes that the Court should instruct the jury that Plaintiffs are barred from relying on "comments or representations made during a loan modification review . . . unless Chase made a specific misrepresentation about a guaranteed outcome." This instruction—which is akin to a directed verdict based on an incorrect legal standard—would be wholly contrary to

law, which does not limit the type of misrepresentations that may give rise to a fraud claim. In contrast to Defendant's assertion, multiple cases (including this Court in its ruling on Defendant's motion to dismiss) hold that a variety of misrepresentations and suppressions in the loan modification context may give rise to a claim for fraud, if the jury finds that they are supported. *See, e.g.*, Doc. 36, at 5-6; *Carter v. Nat'l City Mortg., Inc.*, No. 1:14CV70, 2015 WL 966260, at *9-*10 (N.D.W. Va. Mar. 4, 2015); *O'Brien v. Quicken Loans, Inc.*, No. 2:12-CV-5138, 2013 WL 2319248, at *11 (S.D.W. Va. May 28, 2013); *Coleman v. JP Morgan Chase Bank, N.A.*, No. CIV.A. 3:14-0183, 2014 WL 1871726, at *10 (S.D.W. Va. May 8, 2014); *Petty v. Countrywide Home Loans, Inc.*, No. CIV.A. 3:12-6677, 2013 WL 1837932, at *7 (S.D.W. Va. May 1, 2013); *Ranson v. Bank of Am., N.A.*, No. CIV.A. 3:12-5616, 2013 WL 1077093, at *6-*7 (S.D.W. Va. Mar. 14, 2013); *Corder v. Countrywide Home Loans, Inc.*, No. CIV.A. 2:10-0738, 2011 WL 289343, at *4-*5 (S.D.W. Va. Jan. 26, 2011); *Mullins v. GMAC Mortgage, LLC*, No. 1:09-CV-00704, 2011 WL 1298777, at *4 (S.D.W. Va. Mar. 31, 2011).

Finally, Defendant improperly incorporates its affirmative defense of the statute of limitations into this instruction without providing an adequate instruction to the jury of the burdens of proof and legal standards at issue. Defendant's statement of the defense is contrary to applicable law. To the extent that Defendant intends to present this affirmative defense to the jury, a separate charge should be provided that accurately and adequately sets forth the elements of the defense. Plaintiffs propose the following instruction, which comports with the applicable case law:

> Defendant asserts the affirmative defense of the statute of limitations to Plaintiffs' claim for fraud. To prevail on this defense, Defendant must demonstrate each element of the defense by a preponderance of the evidence.
>
> The process to determine whether the statute of limitations is as follows. First, the Court instructs the jury that the applicable statute of limitations is two years. Second, you should identify when the elements of the fraud claim occurred.

Third, the discovery rule should be applied to determine when the statute of limitation began to run by determining when the plaintiff knew, or by the exercise of reasonable diligence should have known, of the elements of a possible cause of action. Under the discovery rule, the statute of limitations begins to run when the plaintiff knows, or by the exercise of reasonable diligence, should know (1) that the plaintiff has been injured, (2) the identity of the entity engaged in the fraud and knowledge that that entity may have engaged in the fraudulent conduct, and (3) that the conduct of that entity has a causal relation to the injury.

Fourth, if the plaintiff is not entitled to the benefit of the discovery rule, then you must determine whether the defendant fraudulently concealed facts that prevented the plaintiff from discovering or pursuing the cause of action. Whenever a plaintiff is able to show that the defendant fraudulently concealed facts which prevented the plaintiff from discovering or pursuing the potential cause of action, the statute of limitation is tolled, which means that it is on hold or stopped during that period.

Chase asserts that the Wellers' claims for fraud are barred by the statute of limitations. The Wellers assert that the claims are not barred by the statute of limitations because some of Chase's representations and suppressions occurred within two years of the lawsuit being filed. Alternatively, the Wellers assert that the discovery rule and/or Chase's fraudulent concealment apply so that the statute of limitations does not bar their claims.

If you find by a preponderance of the evidence that the Wellers' claim for fraud did not arise more than two years before they filed this lawsuit *or* that the discovery rule applies *or* that Chase fraudulently concealed facts that prevented the Wellers from pursuing this case, you may not find for Chase on its affirmative defense of the statute of limitations.

Plaintiffs thus object to the use of Defendant's instruction on fraud as prejudicial, confusing, and not supported by the law and request that the Court instruct the jury based on Plaintiff's proposed instruction number 4 as well as the proposed instruction on the statute of limitations contained herein.

**Authority for Statute of Limitations Instruction: Syl. Pts. 3, 5,** *Dunn v. Rockwell***, 225 W. Va. 43, 46, 689 S.E.2d 255, 258 (2009); TOLL, Black's Law Dictionary (10th ed. 2014).**

<u>**Defendant's Jury Instruction No. 13: Breach of Contract**</u>

Plaintiffs object to Defendant's proposed instruction because it is confusing, prejudicial, and misstates West Virginia law.

Defendant's first paragraph does not set forth the legal standard and is not relevant to the disputes in this case, which relates to the existence of a contract that is not in dispute.

Defendant's second and third paragraph are an appropriate statement of the law. However, Defendant improperly instructs the jury on the "first breach" rule, which would permit it to breach the contract at will once the loan fell as little as one month behind on payments. As set forth in Plaintiffs' response to Defendant's motion for summary judgment, the first to breach rule does not apply in this context, which includes binding contractual provisions that contemplate and apply in the event of Plaintiffs' default. *See, e.g.*, *Squire v. Virginia Hous. Dev. Auth.,* 758 S.E.2d 55, 60 (Va. 2014); *Mathews v. PHH Mortgage Corp.*, 724 S.E.2d 196, 198-200 (Va. 2012); *Mullins v. GMAC Mortg., LLC*, No. No. 1:09-CV-00704, 2011 WL 1298777, at *3-*4 (S.D.W. Va. Mar. 31, 2011); *Sinclair v. Donovan*, No. 1:11-CV-00010, 2011 WL 5326093, at *7-*8 (S.D. Ohio Nov. 4, 2011); *see also Kersey v. PHH Mortgage Corp.*, 682 F. Supp. 2d 588, 597 (E.D. Va. 2010); *In re Shelton*, 481 B.R. 22, 30 (Bankr. W.D. Mo. 2012). As a result, the jury should not be instructed on this defense.

Because Defendant's proposed instruction is confusing and prejudicial, it should not be provided. Plaintiffs respectfully request that their proposed instruction number 5, which accurately sets forth the law, be provided instead.

**Defendant's Jury Instruction No. 14: Instructions on Damages Do Not Presuppose Liability**

Plaintiffs object to this instruction as unnecessary and thus potentially confusing to the jury. Also, Defendant's proposed instruction does not mirror the model instructions that it cites. To the extent that the Court wishes to instruct the jury on this matter, Plaintiffs suggest that the model instruction be used, rather than Defendant's rephrasing of it.

**Defendant's Jury Instructions Nos. 15 and 16: Punitive Damages**

Plaintiffs object to Defendant's proposed instruction on punitive damages because it does not set forth the correct legal standard under applicable West Virginia law, and as a result, is prejudicial to Plaintiffs and confusing to the jury. The correct legal standards are broader than those set forth by Defendant. In addition, for the jury to adequately understand how to apply the law, it must be instructed on the factors that it may consider in awarding punitive damages, which are not exhaustively set forth in Defendant's instruction. The correct legal standards are set forth in Plaintiffs' proposed instruction number 8, which Plaintiffs request be used instead.

**Defendant's Jury Instruction No. 17: Actual Damages**

Plaintiffs object to Defendant's proposed instruction on actual damages because it does not set forth the correct legal standard, and as a result is prejudicial to Plaintiffs and confusing to the jury.

First, Defendant does not set forth that actual damages may include compensatory damages for economic loss incurred. This is, of course, a central type of damage that the jury should be instructed upon.

Second, Defendant would have the jury instructed that all other types of damages require a finding of physical injury and may not be supported by the plaintiff's own testimony. This instruction is not supported by West Virginia law, which does not require proof of physical injury and does permit a plaintiff to testify about her own annoyance, inconvenience, embarrassment, and emotional distress. *See, e.g.*, *Marlin v. Bill Rich Const., Inc.*, 198 W. Va. 635, 639, 482 S.E.2d 620, 624 (1996) (emotional distress need not be supported by physical injury; otherwise related to whether the plaintiffs may bring a *separate tort claim* for negligent or intentional infliction of emotional distress, not recover such damages); *Muzelak v. King Chevrolet, Inc.*, 179 W. Va. 340,

345, 368 S.E.2d 710, 715 (1988); Syl. Pt. 2, *Kirk v. Pineville Mobile Homes, Inc.*, 172 W. Va. 693, 694, 310 S.E.2d 210, 211 (1983); *see also* authority cited in Plaintiff's proposed jury instruction number 7.

Because this instruction is confusing, prejudicial, and contrary to West Virginia law, Plaintiffs respectfully request that it be rejected and that Plaintiffs' proposed instruction number 7 be given instead.

### Defendant's Jury Instruction No. 18: Annoyance and Inconvenience Damages

Plaintiffs object to this instruction as unnecessary and inconsistent with legal authority. The first portion of the instruction is paraphrased from an instruction that was not challenged in *Muzelak v. King Chevrolet, Inc.*, 179 W. Va. 340, 346 n. 11, 368 S.E.2d 710, 716, n. 11 (1988). However, the final sentence of Defendant's instruction, which requires property damage or physical harm for a finding of annoyance and inconvenience damages, finds no support in this or the other authority cited by Defendant and should be omitted as inconsistent with West Virginia law. Rather, annoyance and inconvenience damages are a part of the appropriate measure of compensatory damages. *See id.*; *Persinger v. Peabody Coal Co.*, 196 W. Va. 707, 719 & n.18, 474 S.E.2d 887, 899 & n.18 (1996).

### Defendant's Jury Instruction No. 19: WVCCPA Damages Awarded Only Once Per Act

Plaintiffs object to this instruction as confusing and potentially prejudicial. Any purported need for this instruction would be eliminated by the Court separately instructing the jury on the elements of the claims in Count I and Count VI, as suggested above and set forth in Plaintiff's proposed jury instructions. Plaintiffs thus respectfully suggest that Defendant's proposed instruction not be provided and that the Court instruct the jury as set forth in Plaintiffs' proposed instructions to eliminate any confusion regarding Plaintiffs' claims.

**Defendant's Jury Instruction No. 20: Setoff**

Plaintiffs object to this instruction as premature, wholly inappropriate under the circumstances, and highly prejudicial to Plaintiffs.

First, any issue of setoff is premature, even if it were ultimately proper. Setoff is an equitable principal to be applied by the Court after a judgment in an action in the plaintiff's favor. It is not a jury question. Here, no such judgment has been reached, such that any discussion of set-off would be wholly speculative. Moreover, this is simply not an issue for jury determination.

Even once a judgment is reached, there are no circumstances here that could even potentially entitle Chase to setoff. Defendant has asserted no claim against Plaintiffs in this suit that would potentially entitle it to setoff, nor are there other co-defendants or responsible parties with whom Plaintiffs have settled pre-judgment. *See, e.g.*, *Ruffin v. Entm't of the E. Panhandle*, No. 3:11-CV-19, 2012 WL 761658, at *1 (N.D.W. Va. Mar. 7, 2012), *on reconsideration in part,* No. 3:11-CV-19, 2012 WL 1435674 (N.D.W. Va. Apr. 25, 2012) (considering set-offs where the defendant set forth counterclaims). For Defendant to even potentially be entitled to setoff it would have to have asserted a claim for damages, presumably under a breach of contract theory, and be awarded those damages. It chose not to do so here.[2] As a result, it has forfeited any claim of setoff for the Court to consider post-judgment.[3]

Because the question of setoff is reserved for the Court post-judgment and, in any event, no authority would entitle Defendant to the offset on which it proposes, Defendant's proposed instruction should be rejected and no other instruction be provided in its place.

---

[2] Defendant made a choice not to assert such a claim, presumably in light of its strategic decision to assert that Plaintiffs have never entered into a contract with it. In light of Defendant's own theory, Plaintiffs could not be found to be indebted to it or otherwise subject to setoff. This is not before the Court or the jury, however, given that Defendant has not raised such a claim.

[3] However, to the extent that Defendant wishes to enforce its rights post-judgment, Defendant retains its authority to foreclose under the deed of trust in this matter unless Plaintiffs bring the loan current or other relief is ordered that would impact this right.

                                        **Respectfully submitted,**

                                        **Plaintiffs,**

                                        **KIMBERLY D. WELLER,**
                                        **KIMBERLY D. WELLER**
                                        **as Executor for the Estate of**
                                        **RICHARD B. WELLER, and**
                                        **RICHARD BRADLEY WELLER,**

                                        **By Counsel,**

\_/s/ Jennifer S. Wagner_____
Jennifer S. Wagner (WV Bar No. 10639)
Mountain State Justice, Inc.
215 S. Third Street, Suite 901
Clarksburg, WV 26301
(304) 326-0188
(304) 326-0189 (fax)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISSTRICT OF WEST VIRGINIA
### AT MARTINSBURG

**KIMBERLY D. WELLER,**
**KIMBERLY D. WELLER**
**as Executor for the Estate of**
**RICHARD B. WELLER, and**
**RICHARD BRADLEY WELLER,**

    Plaintiffs,

v.     Civil Action No. 3:16-CV-110

**JPMORGAN CHASE BANK,**
**NATIONAL ASSOCIATION,**

    Defendant.

## CERTIFICATE OF SERVICE

I, Jennifer S. Wagner, counsel for the Plaintiffs, do hereby certify that on the 7th day of August, 2017, I electronically filed ***Plaintiffs' Objections to Defendant's Proposed Jury Instructions*** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

Randall L. Saunders, Esq.
Nathan I. Brown, Esq.
Kendra L. Huff, Esq.
Ashley N. Quaranta, Esq.
Nelson Mullins Riley & Scarborough LLP
949 Third Avenue, Suite 200
Huntington, WV 25701

    /s/ Jennifer S. Wagner_____
    Jennifer S. Wagner (State Bar ID No. 10639)