**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG**

**KIMBERLY D. WELLER,
KIMBERLY D. WELLER
as Executor for the Estate of
RICHARD B. WELLER, and
RICHARD BRADLEY WELLER,**

       **Plaintiffs,**

**v.**                                    **Civil Action No. 3:16-CV-110**

**JPMORGAN CHASE BANK,
NATIONAL ASSOCIATION,**

       **Defendant.**

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION
*IN LIMINE* TO EXCLUDE EVIDENCE OR REFERENCE TO CHASE TELLING
PLAINTIFFS NOT TO MAKE A MORTGAGE PAYMENT
(MOTION *IN LIMINE* NUMBER 1)**

NOW COME Plaintiffs, by counsel, and respond in opposition to Defendant JPMorgan

Chase Bank, N.A.'s ("Chase") motion *in limine* to exclude evidence or reference to Chase

representatives telling Plaintiffs not to make a mortgage payment.

Plaintiffs have asserted throughout this litigation that Chase representatives told one or

both Plaintiffs on numerous occasions not to make payments pending the processing of Plaintiffs'

loan modification application. As a direct result of this directive, Plaintiffs did not submit

payments and Chase then referred their loan into foreclosure. (*See generally* 1st Am. Compl.)

Chase now seeks to exclude Plaintiffs' testimony regarding their conversations with various Chase

representatives, in which they were directed not to make payments, from trial. While Chase

characterizes these statements as inadmissible hearsay, the statements are clearly admissible under

Federal Rule of Evidence 801(d)(2), given that the statements were made by representatives of Chase, a party opponent.

**I.    PLAINTIFFS' TESTIMONY AND PRESENTATION OF EVIDENCE REGARDING CHASE DIRECTING PLAINTIFFS NOT TO MAKE A MORTGAGE PAYMENT IS ADMISSIBLE UNDER THE FEDERAL RULES OF EVIDENCE 801(d)(2) & 403.**

  **A. <u>The Evidence is Not Hearsay and is Admissible</u>**

While an out-of-court statement offered for the truth of the matter asserted is generally inadmissible as hearsay, a statement made by an opposing party and offered against the opposing party which "was made by the party's agent or employee on a matter within the scope of that relationship and while it existed" is not hearsay and is admissible. Fed. R. Evid. 801(d)(2(D). Here, Plaintiffs have asserted and testified in their depositions that agents of Defendant Chase directed Plaintiffs on numerous occasions to stop making loan payments while their loan modification application was being processed. Despite acknowledging that such testimony is *not hearsay*, Chase now attempts to exclude this evidence.

In support of its motion, Chase cites to an unreported Fourth Circuit decision, *Womack v. Tierco Md., Inc.*, 38 F. App'x 850, 857 (4th Cir. 2002), for the proposition that "the party offering the evidence must show that the declarant is an agent of the party-opponent and the scope of that agency." In *Womack*, the challenged statements were made by a third party vender, and the Plaintiff failed to establish that the individual making the statements was an agent of the defendant. *Id.* Here, the individuals who directed Plaintiffs to stop making loan payments were Chase employees; there is no dispute that when Plaintiffs called Chase at the numbers provided, or received calls from Chase to discuss their loan, the individuals with whom they spoke were not employees and/or agents of Chase. Accordingly, this argument is a red herring and should be disregarded by the Court.

Defendant Chase further relies upon an old Fourth Circuit decision in *United States v. Portsmouth Paving Corp.*, 694 F.2d 312 (4th Cir. 1982), which refers to an outdated version of the Rules. The factual scenario in that case, however, completely undercuts Defendant's argument. Specifically, in *Portsmouth Paving*, the Court analyzed whether a statement made by a secretary who answered the telephone in the Defendant's office could be admitted under Rule 801(d)(2). *Id.* at 321. The Court answered that question in the affirmative, noting that:

> Remington testified that he "called Mr. Saunders' office." . . . the testimony also supports the inference that the one who answered the telephone was Saunders' agent. One would usually and properly assume upon the dialing of a business office phone number that the person who answers is employed by and has the authority to speak for the business.

*Id.* at 322. In the instant case, as set forth in more detail below, Plaintiffs each testified to having conversations with agents of Defendant Chase upon calling Defendant's telephone number provided to Plaintiffs for the purposes of discussing their loan, as well as upon visiting Chase's physical office location and speaking with a female representative there. Accordingly, *Portsmouth Paving* actually supports a finding by this Court that Plaintiffs' testimony should, in fact, be admitted as a statement of the party opponent.[1]

In keeping with this authority courts have routinely held that Plaintiffs' evidence is sufficient and admissible. As one court has explained:

> [Plaintiffs] do not identify the individuals who made the misrepresentations, identifying them only as "John Does." Plaintiffs' only evidence of the Bank's misrepresentation is Anthony Adrian's statement that unnamed individuals instructed him to default on his mortgage. Nevertheless, Mr. Adrian

---

[1] Defendant also cites to an unpublished district court decision out of the Northern District of Texas, in which the district court excluded similar testimony in a case involving statements made to a consumer during a loan modification process. Not only does this unpublished, out-of-jurisdiction decision hold no precedential value, it was subsequently vacated in part. In the decision vacating portions of its own prior order, the Texas district court noted that it would not vacate its decision regarding the admissibility of statements under Rule 801(d)(2)(D), because "even if Plaintiffs are correct that the statements at issue qualify as nonhearsay under Rule 802(d)(2)(D), the result is the same, and they are not entitled to relief under Rule 59(e)." *Rhodes v. Wells Fargo Bank, N.A.*, 2013 WL 2090307, at *7 (N.D. Tex. 2013). In contrast to the authority in this jurisdiction that would require the Court to admit Plaintiff's testimony, the *Rhodes* decision has no instructive weight.

may testify at trial regarding his conversations with these John Does pursuant to Rule 801(d)(2)(D), Fed.R.Evid., as statements by made by a party's agent or employee on a matter within the scope of that relationship. According to plaintiffs, these unnamed individuals identified themselves as Bank employees and spoke to plaintiffs concerning their loan with the Bank. This sufficiently identifies these individuals as the Bank's agents for purposes of Rule 801(d)(2)(D). It will be up to a jury to decide whether Bank employees told plaintiffs they must default in order to be considered for a loan modification, and if made, whether that statement was false.

*Adrian v. OneWest Bank*, No. CV-12-0189-PHX-FJM, 2015 WL 505633, at *3 (D. Ariz. Feb. 6, 2015). As that court explained, "Many institutional employees do not give their full names on the phone. Excluding their statements would encourage such practices and unfairly reward institutions." *Id.* at *3 n.1.

Similarly, federal courts in West Virginia have held that individuals who deal with large mortgage companies need not plead their claims with the level of specificity required by Defendant, such as identifying a customer service agent by name. Rather, in these cases, it is sufficient to identify that the calls were made to the bank's phone number or received from individuals who knew about the individual's account, were calling from the bank's telephone number, and/or claimed to be representatives of the bank. *See, e.g.*, *Petty v. Countrywide Home Loans, Inc.*, No. CIV.A. 3:12-6677, 2013 WL 1837932, at *6 (S.D.W. Va. May 1, 2013); *Ranson v. Bank of Am., N.A.*, No. CIV.A. 3:12-5616, 2013 WL 1077093, at *7 (S.D.W. Va. Mar. 14, 2013).

As with Rule 9, the purpose of the hearsay limitation in Rule 801(d) is to ensure that the party opponent is not surprised or otherwise unable to determine or defend against the allegations. Here, Defendant has ample information with which to defend and Plaintiffs have adequately demonstrated that the statements were in fact made by Defendant's employees acting in the scope of their employment. Indeed, far more than alleged in the *Adrian* case, Plaintiffs have specified the dates of these communications, what exactly they were told, and at times the gender and even

*the name* of the representative. Plaintiffs further testified as to the location of the communications: by telephone calls received from Chase's number or made to Chase's number, with representatives who identified themselves as working for Chase and who had specific information about Plaintiffs' account; at a Chase office near Dulles Airport in or around 2012, by a female Chase employee. (*See, e.g.*, Doc. 92-1 at 37 & 45 (phone call with a male Chase representative in January 2010 in which Plaintiffs were advised that Chase would not accept a payment and that Chase was pursuing foreclosure), 43-45 (when Plaintiffs started the process of applying for mortgage assistance Chase advised them not to make payments because Chase did not know the final modified payment amount; Plaintiffs were told this at least once by telephone with a Chase representative and once in person by a woman at a Chase office near Dulles Airport),  130-32 (in 2015 and 2016, Defendant Chase told Plaintiffs by telephone that it could not take a payment because the loan was in arrears and that Plaintiffs had to wait until they received the modification), 142 & 146-47 (in September 2013, Defendant's representative Morgan Lynch told Plaintiffs not to make payments because Chase did not know the final loan modification payments), 147 (prior to 2013, telephone representatives of Chase who responded at Chase's telephone number stated that Plaintiffs should not make a payment), 193 (explaining that Chase telephone representatives explained that it would not accept payments while the account was in foreclosure and that it would not accept partial payments or monthly payments that were insufficient to bring the account current); Doc. 92-3 at 98 & 116 (Kimberly Weller called Chase in February 2010, and the Chase representative answering Chase's telephone number told her not to make a payment until the loan modification was fully processed).).

Indeed, Chase does not contend that Plaintiffs were not in contact with Chase during these periods, that imposters were calling from Chase's telephone number or answering calls to Chase's

telephone number, or that the office Plaintiffs visited in Virginia was not actually Chase's office staffed by Chase's employees. Rather, Defendant makes its argument as a get out of jail free card to avoid having to defend against Plaintiffs' allegations regarding its own employees. Exclusion of this evidence would not serve the purposes of the Rule or any public policy, and would instead encourage corporations to further hide the identities of their employees, so that they could escape any liability for their statements. In short, because Plaintiffs' testimony is sufficient to create a jury question about whether Chase did, indeed, make representations to them, the evidence is admissible.

### B.    The Evidence Is Reliable and Any Questions of Credibility Should be Weighed by the Jury

Contrary to Defendant Chase's assertions, the evidence here is reliable: it is the sworn testimony of the Plaintiffs who personally engaged in the subject conversations. Defendant will have the opportunity to cross examine the witnesses, and the jury will have the opportunity to assess their credibility and reliability. The Fourth Circuit has explained: "evidence is reliable and should be submitted to the fact finder unless it is so preposterous that it could not be believed by a rational and properly instructed juror." *U.S. v. Hornsby*, 666 F.3d 296, 308 (4th Cir. 2012) (quoting cases). Sworn witness testimony regarding those witnesses' specific and first-hand experiences "is not so preposterous and unbelievable to make it unreliable." *Id.* As a result, the evidence should be left for evaluation by the jury to determine its weight.

## II.    CONCLUSION

In sum, Plaintiffs' testimony that representatives of Defendant Chase directed them not to make payments is relevant, is not hearsay, and is admissible. The reliability and credibility of that evidence is for the jury to weigh. Accordingly, Plaintiffs respectfully request that the Court deny Defendant's motion *in limine* and permit them to fully present their case at trial.

**Plaintiffs,**

**KIMBERLY D. WELLER,**
**KIMBERLY D. WELLER**
**as Executor for the Estate of**
**RICHARD B. WELLER, and**
**RICHARD BRADLEY WELLER,**
**By Counsel,**


 /s/ Jennifer S. Wagner_____
Jennifer S. Wagner (WV Bar No. 10639)
Mountain State Justice, Inc.
215 S. Third Street, Suite 901
Clarksburg, WV 26301
(304) 326-0188
(304) 326-0189 (fax)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**AT MARTINSBURG**

**KIMBERLY D. WELLER,**
**KIMBERLY D. WELLER**
**as Executor for the Estate of**
**RICHARD B. WELLER, and**
**RICHARD BRADLEY WELLER,**

      **Plaintiffs,**

**v.**                                      **Civil Action No. 3:16-CV-110**

**JPMORGAN CHASE BANK,**
**NATIONAL ASSOCIATION,**

      **Defendant.**

## CERTIFICATE OF SERVICE

      I, Jennifer S. Wagner, counsel for the Plaintiffs, do hereby certify that on the 7th day of August, 2017, I electronically filed ***PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OR REFERENCE TO CHASE TELLING PLAINTIFFS NOT TO MAKE A MORTGAGE PAYMENT (MOTION IN LIMINE NUMBER 1)*** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

Randall L. Saunders, Esq.
Nathan I. Brown, Esq.
Kendra L. Huff, Esq.
Ashley N. Quaranta, Esq.
Nelson Mullins Riley & Scarborough LLP
949 Third Avenue, Suite 200
Huntington, WV 25701


                                       /s/ Jennifer S. Wagner_____
                                      Jennifer S. Wagner (State Bar ID No. 10639)