IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

**KIMBERLY D. WELLER,**
**KIMBERLY D. WELLER**
**as Executor for the Estate of**
**RICHARD B. WELLER, and**
**RICHARD BRADLEY WELLER,**

      Plaintiffs,

v.                                                         Civil Action No. 3:16-CV-110

**JPMORGAN CHASE BANK,**
**NATIONAL ASSOCIATION,**

      Defendant.

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION**
**IN LIMINE TO EXCLUDE EVIDENCE OR ARGUMENT ON INDUSTRY**
**STANDARDS OR GUIDELINES (MOTION IN LIMINE NUMBER 8)**

NOW COME Plaintiffs, by counsel, and respond in opposition to Defendant JPMorgan Chase Bank, N.A.'s motion *in limine* to exclude evidence, argument, or reference to any industry standard or guideline.

Defendant Chase seeks to exclude such evidence under Rules 401, 402, and 403 of the Federal Rules of Evidence on the basis that industry standards or guidelines are not *prima facie* elements of any of Plaintiffs' claims. (*See* Def. Mot. at 2.) Of course, the standard for admissibility is not whether the proffered evidence is itself an element of a claim or defense, but whether the evidence "has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action." Fed. R. Evidence 401. Plaintiffs claim that Defendant Chase's conduct in servicing their mortgage loan was unconscionable (*see* Am. Compl. Count II), that Defendant misrepresented the requirements and status of the account to Plaintiffs (*id.* Count I), that Defendant fraudulently suppressed its failure

1

to follow industry standards in regard to its servicing conduct (*id.* Count IV ¶ 102; Order at 5 [Doc. 36]), and that Defendant failed to service the contract in good faith (Am. Compl. Count V ¶¶ 102, 103). Industry standards and guidelines are therefore relevant to Plaintiffs' allegations and are admissible pursuant to Rules 401 and 402. *See Fifth Third Bank v. McClure Properties, Inc.*, 724 F. Supp. 2d 598, 609 (S.D.W. Va. 2010) ("[U]nder West Virginia law, "good faith" is defined as "honesty in fact and the observance of reasonable commercial standards of fair dealing."); Syl. Pt. 12, *Brown v. Genesis Healthcare Corp.*, 229 W. Va. 382, 386, 729 S.E.2d 217, 221 (2012) (defining unconscionability as involving considerations of "commercial reasonableness").

Nor has Defendant Chase established that the evidence fails to satisfy the Rule 403 balancing test. Defendant Chase merely states that the probative value is minimal, asserting that the controlling issues in the case are the contractual rights and obligations of the parties or obligations imposed by West Virginia statute. However, Defendant ignores that the parties' contract requires compliance with applicable law, imposes a duty to act in good faith and fair dealing, and that Plaintiffs state claims that Defendant misrepresented the requirements and status of the account to Plaintiffs (Am. Compl. Count I) and that Defendant fraudulently suppressed its failure to follow industry standards in regard to its servicing conduct (*id.* Count IV ¶ 102). Because industry standards and guidelines are highly relevant and their probative value is not outweighed by any unfair prejudice to Defendant, its motion *in limine* should be denied.

                                              **Plaintiffs,
KIMBERLY D. WELLER,
KIMBERLY D. WELLER
as Executor for the Estate of
RICHARD B. WELLER, and
RICHARD BRADLEY WELLER,
By Counsel,**

_/s/ Jennifer S. Wagner_____
Jennifer S. Wagner (WV Bar No. 10639)
Mountain State Justice, Inc.

2

215 S. Third Street, Suite 901
Clarksburg, WV 26301
(304) 326-0188
(304) 326-0189 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

**KIMBERLY D. WELLER,**
**KIMBERLY D. WELLER**
**as Executor for the Estate of**
**RICHARD B. WELLER, and**
**RICHARD BRADLEY WELLER,**

    **Plaintiffs,**

v.                                                                           Civil Action No. 3:16-CV-110

**JPMORGAN CHASE BANK,**
**NATIONAL ASSOCIATION,**

    **Defendant.**

## CERTIFICATE OF SERVICE

    I, Jennifer S. Wagner, counsel for the Plaintiffs, do hereby certify that on the 7th day of August, 2017, I electronically filed ***PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OR ARGUMENT ON INDUSTRY STANDARDS OR GUIDELINES (MOTION IN LIMINE NUMBER 8)*** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

Randall L. Saunders, Esq.
Nathan I. Brown, Esq.
Kendra L. Huff, Esq.
Ashley N. Quaranta, Esq.
Nelson Mullins Riley & Scarborough LLP
949 Third Avenue, Suite 200

Huntington, WV 25701

    /s/ Jennifer S. Wagner_____
Jennifer S. Wagner (State Bar ID No. 10639)