IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

KIMBERLY D. WELLER;
KIMBERLY D. WELLER, as Executor
for the Estate of Richard B. Weller;
and RICHARD BRADLEY WELLER,

      Plaintiffs,

v.                                             CIVIL ACTION NO.: 3:16-CV-110
                                                    (GROH)

JP MORGAN CHASE BANK, NATIONAL
ASSOCIATION,

      Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Currently pending before the Court is the Defendant's Motion for Summary Judgment [ECF No. 86]. On July 21, 2017, this matter became ripe for consideration. Based upon the reasons that follow, the motion is **GRANTED IN PART** and **DENIED IN PART**.

**I. Background**

On September 6, 2005, Richard Weller obtained a loan in the amount of $135,000 from Accredited Home Lenders, Inc. ("AHL"). ECF Nos. 86-2; 92-2. The loan note designated a principal balance of $135,000, an interest rate of 6.999% and a monthly payment of $898.07 plus interest. ECF Nos. 86-2 at 1; 92-2 at 1. As security for the loan, Richard and his wife Kimberly executed a deed of trust with AHL, granting it an interest in their home, located at 4460 Shepherdstown Road, Martinsburg, West Virginia 25401.

ECF Nos. 86-3; 92-5. Both Kimberly and Richard signed the deed of trust, but only Richard signed the loan note. At some point, the loan was transferred to the Defendant, JP Morgan Chase Bank ("Chase").

In 2009, Kimberly's husband passed away and she began having trouble making loan payments. See ECF Nos. 53 at 3; 92-1 at 5, 34; 92-3 at 9, 11-12. By the spring of 2010, the loan was in default and the home was scheduled for foreclosure. See ECF Nos. 53 at 4; 86-16 at 2; 92-1 at 27, 33-34, 99. In 2010, Kimberly, with the help of her son, Brad, began a loan modification process. See ECF Nos. 53 at 3; 92-1 at 30, 38, 59; 92-3 at 6. Brad and Kimberly found the process confusing. ECF No. 92-1 at 23, 35, 67. In 2011, Chase initially denied assistance. ECF No. 92-1 at 59. In June of 2013, Chase sent Kimberly a letter indicating that she would be approved for a loan assumption and modification if she accepted specific terms and conditions.[1] ECF Nos. 86-19 at 1; 92-10 at 1. It is unclear whether these terms and conditions were accepted, whether the proper information was received by Chase and whether the parties actually entered into the 2013 assumption and modification.

At various points in time between 2010 and 2016, after the loan was in default, Brad and Kimberly attempted to make payments. See ECF Nos. 92-1 at 13-17, 26, 34; 92-3 at 18-19. Specifically, payments were made and received by Chase in April of 2010 and September of 2013. See ECF Nos. 86-26; 86-27; 92-1 at 13, 84; 92-3 at 20-21.

---

[1] Specifically, the June 24, 2013 letter stated:

> We have received your application to be considered for a loan assumption and modification. Chase has reviewed the financial information you have provided and your application to assume the mortgage and receive a modification is approved *if you accept the conditions outlined below*.

ECF Nos. 86-19 at 1; 92-10 at 1 (emphasis added).

2

Kimberly and Brad claim that they would have made other payments, but Chase refused them. See ECF Nos. 53 at 9; 92-1 at 30-31, 80-84; 92-3 at 19-21, 27. In February of 2016, Chase sent Kimberly another letter regarding loan assumption and modification. ECF Nos. 86-9 at 1; 86-20 at 1. Similar to the June 2013 letter, it contained language indicating that she would be approved for a loan assumption and modification if certain conditions were met. The 2016 assumption and modification offer designated a principal balance of $202,084.33, an interest rate of 4.00% and monthly payments in the amount of $844.59 plus interest. ECF No. 92-23 at 1.

On June 13, 2016, the Plaintiffs filed this case in the Circuit Court of Berkeley County, West Virginia. ECF No. 1-1 at 4. On July 21, 2016, the case was removed to this Court based upon diversity jurisdiction. ECF No. 1. In June of the following year, Chase filed the instant motion for summary judgment, contending that this case presents no material issues of fact. In addition, Chase argues that the Plaintiffs' claims must be dismissed based upon a myriad of legal grounds.

## II. Standard of Review

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In other words, the court must make the preliminary determination of whether there is a need for trial. Id. at 249-51. In conducting its review, the court must view the evidence and inferences in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

Even still, it cannot create a genuine issue of material fact where none exists. Albertson v. T.J. Stevenson & Co., 749 F.2d 223, 228 (5th Cir. 1984).

It is the burden of the opposing party to show that there is indeed a genuine issue for trial, which must be demonstrated by furnishing affidavits, depositions or other evidence. See Fed. R. Civ. P. 56(c); Anderson, 477 U.S. at 247-49. A "scintilla of evidence" is insufficient. Anderson, 477 U.S. at 252. In reviewing motions for summary judgment, the court may consider all of the materials in the record, but need consider only those cited. Fed. R. Civ. P. 56(c)(3); Beverly v. Sugar Mountain Resort, Inc., 1:14cv321, 2016 WL 815299, at *1 (W.D.N.C. Feb. 29, 2016); Bevins v. Apogee Coal Co., Civil Action No. 2:13-cv-24264, 2014 WL 7236415, at *4 (Dec. 17, 2014).

### III. Discussion

#### A. Counts I, II, III and VI (Violations of WVCCPA)

In its motion for summary judgment, Chase argues that Counts I, II, III and VI must be dismissed because the Plaintiffs are not consumers and therefore do not have standing to bring claims under the West Virginia Consumer Credit and Protection Act, W. Va. Code §§ 46A-1-101 through 46A-8-102 ("WVCCPA"). In response, Kimberly avers that she is "obligated" or "allegedly obligated" on the debt and therefore a consumer under the terms of both §§ 46A-2-122 and 46A-1-102(12).[2] Notably, the Plaintiffs concede that Brad does not seek relief under the WVCCPA and, furthermore, fail to indicate the Estate's position regarding those claims. In fact, as pointed out by Chase in its reply, the Plaintiffs do not respond to any arguments raised by Chase in regard to the Estate. Thus,

---

[2] Counts I, II and VI allege violations of §§ 46A-2-127, -128 and -128(e). The definition of "consumer" applicable to these Counts is found in § 46A-2-122. Count III alleges refusal to apply payments in violation of § 46A-2-115. The definition of "consumer" applicable to this Count is found in § 46A-1-102.

4

because the Plaintiffs fail to address any of Chase's arguments regarding the Estate and acknowledge that Brad does not seek relief under the WVCCPA, any and all WVCCPA claims alleged by them are hereby **DISMISSED**. See Uribe v. Aaron's, Inc., No. GJH-14-0022, 2015 WL 72292, at *2 (D. Md. Jan. 5, 2015) (finding plaintiffs abandoned their claims when they did not respond to an order to show cause or the defendant's motion for summary judgment); Bronitsky v. Bladen Healthcare, LLC, No. 7:12-CV-147-BO, 2013 WL 5327447, at *1 (E.D.N.C. Sept. 20, 2013) ("Plaintiff's failure to oppose defendants' arguments made in support of their motion for summary judgment is fatal to plaintiff's claim."); Crouch v. City of Hyattsville, Civil Action No. DKC 09-2544, 2012 WL 6019296, at *8 (D. Md. Nov. 30, 2012) (granting summary judgment where plaintiff abandoned his argument by failing to respond to defendant's motion); Jones v. Danek Med., Inc., No. Civ. A. 4:96-3323-12, 1999 WL 1133272, at *3 (D.S.C. Oct. 12, 1999) ("The failure of a party to address an issue raised in summary judgment may be considered a waiver or abandonment of the relevant cause of action.").

A plaintiff must be a "consumer" to bring a cause of action under the WVCCPA. Ballard v. Bank of Am., N.A., Civil Action No. 2:12-2496, 2013 WL 5963068, at *9 (S.D. W. Va. Nov. 7, 2013). Section 46A-2-122(a), relevant to Counts I, II and VI, defines a consumer as "any natural person obligated or allegedly obligated to pay any debt." A person is "'allegedly obligated' to pay a debt when the creditor has 'represented to [her] that [she is] personally liable on the debt.'" McNeely v. Wells Fargo Bank, N.A., 115 F. Supp. 3d 779, 785 (S.D. W. Va. 2015) (quoting Fabian v. Home Loan Ctr., Inc., No. 5:14-cv-42, 2014 WL 1648289, at *6 (N.D. W. Va. Apr. 24, 2014)); see also Croye v. GreenPoint Mortg. Funding, Inc., 740 F. Supp. 2d 788, 797-98 (S.D. W. Va. 2010). For

example, in Croye, the court found a plaintiff allegedly obligated to pay on a debt under § 46A-2-122(a) where the creditor made calls to him demanding payment. 740 F. Supp. 2d at 798. Here, although Kimberly is not a signatory to the note, there is evidence, in the form of deposition testimony and a letter from Chase, demonstrating that Chase demanded payment from her on the loan. See ECF Nos. 92-1 at 98; 92-3 at 32-34; 92-27. While evidence of Chase's attempt to collect from Kimberly is not plentiful, it is enough to qualify her as a consumer "allegedly obligated" to pay on the loan. See Croye, 740 F. Supp. 2d at 798. Therefore, Chase's motion for summary judgment as to Counts I, II and VI is **DENIED** insofar as Kimberly has standing to bring claims under these sections of the WVCCPA.

In regard to Count III, § 46A-1-102(12) defines a consumer as "a natural person who incurs debt pursuant to a consumer credit sale or a consumer loan, or debt or other obligations pursuant to a consumer lease." Chase maintains that Kimberly is not a consumer under this subsection because she did not sign the 2005 loan note and thus did not incur a debt pursuant to the original loan. In addition, Chase avers that Kimberly is not a consumer for the purpose of the 2013 loan assumption and modification because that contract was not properly formed. Kimberly's failure to sign the 2005 loan note is fatal to this claim insofar as it relates to payments made on the original loan. See Bishop v. Quicken Loans, Inc., Civil Action No. 2:09-1076, 2011 WL 1321360, at *11 (S.D. W. Va. Apr. 4, 2011) (distinguishing the obligations under a deed of trust versus a promissory note). Specifically, because Kimberly did not sign the note, she did not incur a debt pursuant to a consumer loan. See id. ("[A] promissory note is not enforceable against [a] party who signed [the] deed of trust but did not sign [the] promissory note inasmuch as

promissory notes and deeds of trust are separate legal documents with unique purposes." (citing Arnold v. Palmer, 686 S.E.2d 725, 733 (W. Va. 2009)). Thus, Kimberly does not have standing to raise her § 46A-2-115 claim in relation to payments made on the original loan. In other words, she does not have standing to raise this claim as to payments made prior to the alleged 2013 assumption and modification. Therefore, Chase's motion for summary judgment as to Count III is **GRANTED** insofar as it relates to payments made on the original loan.

However, there is a genuine dispute of material fact regarding whether the 2013 loan assumption and modification was actually entered into between the parties.[3] Kimberly submits evidence indicating that Chase approved the assumption and modification agreement. See ECF Nos. 92-1 at 106; 92-3 at 18; 92-7; 92-10. In contrast, Chase offers evidence demonstrating that the 2013 agreement was not executed. See ECF No. 71-1 at 2.[4] Chase also notes the lack of evidence provided by Kimberly

---

[3] In its January 30, 2017 Order, the Court granted the Plaintiffs leave to amend their original complaint. ECF No. 36 at 9. On May 10, 2017, the Plaintiffs moved the Court to grant them leave to file a second amended complaint, raising an additional breach of contract claim that they alleged was "recently revealed through discovery." ECF No. 66 at 1. The supplemental claim alleged Chase's breach of a 2013 loan assumption and modification agreement. ECF Nos. 66-1 at 18-19; 66 at 3-5. However, upon review, the Court denied the motion, finding the request to be grounded in misrepresentation of fact, untimely and prejudicial. ECF No. 79 at 2-4. Thus, the Plaintiffs' breach of contract claim based upon the 2013 assumption and modification agreement is not before this Court. As such, even if the modification agreement is found to be enforceable and Chase is found to have breached that agreement, the Plaintiffs cannot recover damages for that breach. However, it is necessary for the Court, in determining whether the Plaintiffs are consumers under the WVCCPA, to consider the events surrounding the assumption and modification agreement and, in particular, whether the parties did in fact enter into such an agreement.

[4] During the deposition of Chase's corporate representative, Rosemary Martin, the following exchange took place:

> Q. And this modification and assumption, Ms. Weller did sign it and mail it back by the date—I understand there was [*sic*] some extensions, but the by date [*sic*] that was final required by Chase, is that correct?
>
> A. No, that's not correct. The modification was but this is part of a packet.
>
> Q. So let me just back up. This particular contract, not the entire packet, but I'm asking

signifying an actual offer and acceptance, which calls into question the modification's existence. Thus, because there is a genuine dispute as to whether the 2013 loan assumption and modification agreement was entered into between the parties, a question of fact in respect to Count III remains for the jury. Specifically, if the jury finds that the 2013 modification is a valid and enforceable agreement, then Kimberly incurred a debt pursuant to the modification and would thus be considered a consumer under § 46A-1-102(12). As a result, she would have standing to bring her claim under § 46A-2-115

---

about this particular document that has the terms in it starting on page 5664. I'm sorry, yes, 5664, titled, "Assumption Modification Agreement," that was returned by August 8th, correct?

A. I'm not sure. It was returned in August. I'm not sure what the exact date was because there was a date of 7/19 of '13 it was signed on but it was received significantly after that.

Q. Okay. But it was received by the deadline that was given? You said that this document was received by the deadline, is that correct?

A. That's one portion of it, yes, this document was, yes.

. . .

Q. Okay. You stated that not all the documents were turned [in] on time, correct?

A. That's correct.

Q. And am I correct that the outstanding documents as of August 8th were—Well, why don't you tell me what they were.

A. As of August 8th, we were still missing the identification letter, and again, I don't know the specific document. There was an identification letter and then there was a debt class that they were supposed to attend and a HUD with the signatures that was corrected. They were given an extension to the 23rd and multiple phone calls Mr. Weller had made and had promised that he would be faxing over documentation. We ultimately received the last of the documentation on the 28th of August and then the debt class and the HUD, I believe, on the 30th, which was after the second extension of the 23rd that was given.

Q. Okay. So you did receive all of the documentation by the end of August?

A. August 30th.

Q. Okay. But you declined the mod[ification] at that point?

A. That is correct.

ECF Nos. 66-2 at 2-5; 71-1 at 2.

(Count III) and the jury would be free to determine whether or not Chase refused to properly apply loan payments pursuant to the modification. Accordingly, Chase's motion for summary judgment as to Count III is **DENIED** insofar as it relates to payments made under the alleged 2013 loan assumption and modification agreement.[5]

### B. Count IV (Fraud)

Chase argues that the Plaintiffs' fraud claim is barred by the applicable statute of limitations and, furthermore, fails to allege the necessary elements of material misrepresentation and reasonable reliance. In response, the Plaintiffs state that genuine issues of material fact preclude summary judgment as to this claim. Because the Court finds that the evidence presented by the Plaintiffs does not establish a claim for fraud capable of withstanding summary judgment, the statute of limitations issue will not be addressed.

In West Virginia, to prove a claim of fraud, the plaintiff must demonstrate

> (1) that the act claimed to be fraudulent was the act of the defendant or induced by him; (2) that it was material and false; that plaintiff relied upon it and was justified under the circumstances in relying upon it; and (3) that he was damaged because he relied upon it.

Syl. Pt. 1, Lengyel v. Lint, 280 S.E.2d 66 (W. Va. 1981). The existence of fraud is generally a question of fact left to the jury, "but that does not automatically immunize the case from summary judgment." Croye, 740 F. Supp. 2d at 795 (internal quotation omitted) (quoting Highmark W. Va., Inc. v. Jamie, 655 S.E.2d 509, 515 (W. Va. 2007)).

---

[5] Kimberly points to three particular payments: April 2010, August 2013 and September 2013. The April 2010 payment is precluded because it was made on the original loan to which Kimberly was not a party. As such, she does not have standing to assert that it was improperly applied in violation of § 46A-2-115. However, if the jury determines that there was in fact an assumption and modification in 2013, it could also find that the August 2013 and September 2013 payments were improperly applied under that modification. Accordingly, Count III remains as it relates to payments made under the modification.

9

Here, Kimberly and Brad[6] allege that Chase misrepresented that it was timely and appropriately reviewing their application for assistance and that it would ultimately be approved. However, the evidence cited by the Plaintiffs does not demonstrate these material misrepresentations were made. Indeed, none of the depositions or documents before the Court reveal that Chase ever guaranteed approval of an assumption and modification, that such approval would be completed within a certain period, or that the modification's terms, if approved, would be subjectively reasonable. Brad, during his April 18, 2017 deposition, admitted as much:

> Q. Did they ever tell you or your mom that you were guaranteed an assumption?
>
> A. No
>
> . . .
>
> Q. And to be clear, they never promised you that they would help you but that they needed these documents to evaluate if they could help you, right?
>
> . . .
>
> [A.] The program is called Help for Homeowners; they did say they could help us. They did say that this is how they help people stay in their homes. They did state their goal was to help especially the Chase Military Finance. Their goal is to help military members stay in their home. The promotional information when they put you on hold is we've been helping military members since whenever they [en]list. So while they may not promise to do it, they make enough promotion off of doing it that it makes it sound like a guarantee.

See ECF No. 92-1 at 78, 87-88. Both Kimberly and Brad refer to Chase's promise to help them with their loan payments, but how exactly Chase was required to help, or what end result was allegedly guaranteed, is not elucidated by the evidence. See ECF Nos. 92-1

---

[6] As previously discussed in regard to Counts I, II, III and VI, because the Plaintiffs fail to address any of Chase's summary judgment arguments regarding the Estate, those claims have been abandoned and are therefore dismissed. See, e.g., Bronitsky, 2013 WL 5327447, at *1; Crouch, 2012 WL 6019296, at *8.

10

at 81, 87-90, 102-04, 108-09; 92-3 at 45. Furthermore, their reliance on Chase's representation that it would *consider* their application for loan modification is not justifiable because such a representation is too vague and indefinite. See Addicks Servs., Inc v. GGP-Bridgeland, LP, 596 F.3d 286, at 301-02 (5th Cir. 2010) (interpreting promissory estoppel, which requires element of reasonable and justified reliance, and finding that plaintiff's reliance on vague and indefinite promises unreasonable); Dierker v. Eagle Nat'l Bank, 888 F. Supp. 2d 645, 654 (D. Md. 2012) ("A statement is not actionable in fraud if it is vague and indefinite, because such statements are deemed to put the party to whom they are made on inquiry notice to investigate further." (internal quotation and citation omitted)); cf. Adams v. JPMorgan Chase Bank, Civil Action No. 1:10-CV-04226-RWS, 2011 WL 2532925, at *6 (N.D. Ga. June 24, 2011) (finding no false representation where lender made vague promise akin to an obligation "to make a good faith effort to at least *consider* [plaintiff's] application for assistance" (emphasis in original)).

The Plaintiffs point to this Court's January 30, 2017 Order in which it denied Chase's motion to dismiss their fraud claim. ECF No. 36 at 5-6. However, at this stage in the proceedings, the Plaintiffs bear a greater burden. They cannot survive summary judgment by resting on mere allegations; there must be more.[7] See Fed. R. Civ. P. 56(c); Anderson, 477 U.S. at 247-48, 252, 256. Accordingly, because the Plaintiffs fail to present evidence demonstrating a genuine dispute of material fact in relation to their fraud

---

[7] The Plaintiffs claim that "[t]he record is replete with misrepresentations from [Chase] that it would provide timely and appropriate assistance," but offer no citations to the record in support. ECF No. 92 at 16. This is problematic, as the Court is required to consider only cited materials in regard to summary judgment. Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record."); see also Fed. R. Civ. P. 56(c)(1)(A) advisory committee's note to 2010 amendment (stating that the party asserting that a fact cannot be or is genuinely disputed is required to "cite the particular parts of the materials that support its fact positions"). However, here, even a review of the entire record does not give credence to this assertion.

claim, Chase's motion for summary judgment as to Count IV is **GRANTED**.

## C. Count V (Breach of Contract)

To assert a breach of contract claim, there must be a valid, enforceable contract between the parties. Exec. Risk Indem., Inc. v. Charleston Area Med. Ctr., Inc., 681 F. Supp. 2d 694, 714 (S.D. W. Va. 2009); see also E.E.O.C. v. Waffle House, Inc., 534 U.S. 279, 294 (2002) ("It goes without saying that a contract cannot bind a nonparty."). Here, because Brad did not sign the note or deed of trust, he does not have standing to raise a breach of contract claim against Chase. The Estate also has no cognizable breach of contract claim because it has abandoned its arguments.[8] Furthermore, Kimberly's breach of contract claim pertains only to the deed of trust because she did not sign the note and thus is not a party to that contract. Therefore, the only breach of contract claim before the Court is that brought by Kimberly in relation to the deed of trust.

Chase presents four arguments in opposition to Kimberly's breach of contract claim. First, it argues that because Kimberly committed the first material breach by falling behind on mortgage payments, she is precluded from bringing her breach of contract claim. "West Virginia law prevents a party who first breaches a mutual and dependent contract from recovering damages attributable to a subsequent breach by the other party." Milner Hotels, Inc. v. Norfolk and W. Ry. Co., 19 F.3d 1429, at *2 (4th Cir. 1994) (per curiam) (unpublished table decision) (citing Teller v. McCoy, 253 S.E.2d 114, 126 (W. Va. 1978)). For this rule to apply, the breach must be material. See id. Kimberly contends that Chase's reference to the first breach rule is misplaced because her delinquency is not material. Deeds of trust, by their very nature, "contemplate the possibility of non-

---

[8] All of the Estate's claims have been abandoned because it did not address any of Chase's arguments in its motion for summary judgment.

payment." Mathews v. PHH Mortg. Corp., 724 S.E.2d 196, 200 (Va. 2012). "Because a deed of trust permits the trustee to sell the parcel to protect the interest of the lender-beneficiary upon the borrower's breach by non-payment, the fact of non-payment of the note does not defeat an essential purpose of the contract." Id. (internal quotation, citation and alteration omitted). Thus, Kimberly did not commit a material breach and, accordingly, the first breach rule does not apply.

Next, Chase contends that Kimberly did not comply with a condition precedent in the deed of trust, which requires written notice prior to filing suit. The relevant section in the agreement provides:

> Neither Borrower nor Lender may commence, join, or be joined to any judicial action . . . that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action.

ECF Nos. 86-3 at 12; 92-5 at 12. Section 15 of the deed of trust mandates, among other things, that all notices be provided in writing. ECF Nos. 86-3 at 11; 92-5 at 11. The parties do not dispute that pre-suit notice was required, and rightfully so. See, e.g., Holtzapfel v. Wells Fargo Bank, NA, Civil Action No. 2:12-00937, 2013 WL 1337283, at *3 (S.D. W. Va. Mar. 29, 2013) (analyzing deed of trust provision requiring pre-suit notice); Johnson v. Countrywide Home Loans, Inc., No. 1:10cv1018, 2010 WL 5138392 at *2 (E.D. Va. Dec. 10, 2010) (finding pre-suit notice required where all of plaintiff's allegations arose from actions taken pursuant to the deed of trust and deed of trust required pre-suit notice). Rather, the only contentions are whether the written notice was adequate and whether Chase was provided with sufficient time to cure. Prior to filing this lawsuit,

13

Kimberly sent written notice to Chase indicating her belief that it "may have breached the contract in servicing [her] mortgage loan." ECF No. 92-25 at 1. She went on to state that she was "specifically concerned that the past due amount" that Chase was trying to collect was "incorrect and/or caused by [its] improper servicing of the loan." ECF No. 92-25 at 1. The notice was mailed on April 19, 2016, and the case was filed in state court approximately two months later on June 13, 2016. ECF Nos. 1-1 at 4; 92-25 at 1. Chase's argument on this issue is conclusory and is not supported by any case law. Accordingly, because the Court finds that Kimberly adequately complied with the deed of trust's notice requirement, Chase's argument on this issue is overruled.

Chase's third contention is that Kimberly's breach of contract claim cannot withstand summary judgment because it is not supported by sufficient evidence. In particular, Chase claims that her allegations of improper application of payments, imposition of unauthorized fees and failure to comply with applicable law are unsubstantiated. In response, Kimberly avers that Chase (1) refused her payment in early 2010; (2) did not apply her April 2010 payment and instead held it in suspense until December of the same year; (3) returned a check sent in August of 2013 and (4) failed to note the entirety of her September 2013 payment, which was not applied to her account until July of 2014 and incorrectly designated to principal. ECF No. 92 at 19. The deed of trust details if, when, how and under what circumstances payments must be applied to the mortgage loan. ECF Nos. 86-3 at 4; 92-5 at 4. Notably, if the loan is not current,

> Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each

> Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure.

ECF Nos. 86-3 at 4; 92-5 at 4.

After her husband's death, Kimberly began to struggle with loan payments. See ECF Nos. 53 at 3; 92-1 at 25; 92-3 at 19. By the spring of 2010, the loan was in default and the home was scheduled for foreclosure. See ECF Nos. 86-16 at 2; 92-1 at 27, 33-34, 99. As indicated by the language within the deed of trust, because the loan was not current in 2010, Chase was under no obligation to accept payments. See, e.g., Murillo v. Wash. Mut. Bank, F.A., 483 F. App'x 229, 231-32 (6th Cir. 2012) ("[B]ecause none of [the plaintiff's] payments were sufficient to bring her loan current, [the lender] retained the discretion to apply the payments, hold the payments, or return them just as it did."). In addition, Chase was permitted to return any full or partial payment if insufficient to bring the loan current. See, e.g., Lopez v. GMAC Mortg., LLC, Civil Action No 5:12-CV-00251-JRN, 2014 WL 12540470, at *3 (W.D. Tex. Feb. 18, 2014) ("Given that Plaintiff freely admits that he 'fell behind on his house payment' before his payments were refused, Defendant was clearly within its rights when it rejected Plaintiff's payment."). Moreover, Chase was under no obligation to apply payments upon receipt. See, e.g., Keith v. Sun Trust Mortg., Inc., Civil Action No. 1:12-CV-0714-CC, 2014 WL 12570233, at *4 (N.D. Ga. Sept. 24, 2014) (interpreting an identical provision in a deed of trust and finding that it allowed the lender "to hold partial payments in suspense"). A review of the evidence cited by the Plaintiffs reveals that Kimberly's breach of contract claim, as it relates to the

application of payments, imposition of unauthorized fees, and failure to comply with applicable law, is unsupported.

Likewise, the remaining breach of contract allegations contained within the amended complaint are not corroborated by the cited materials. In particular, Kimberly points to no evidence of unauthorized fees or noncompliance with applicable law. Rather, only baseless allegations are presented. For example, she claims that Chase threatened to asses default fees in violation of the deed of trust, but there is no dispute that the loan was in fact in default. Furthermore, there is nothing in the deed of trust that prohibits assessment of default fees. In fact, the deed of trust specifically permits Chase to charge "fees for services performed in connection with Borrower's default." ECF Nos. 86-3 at 10; 92-5 at 10. Moreover, the document makes clear that "the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee." ECF Nos. 86-3 at 10; 92-5 at 10. In sum, because the deed of trust authorizes the imposition of reasonable fees in relation to default, any such charges by Chase are lawful.[9] See, e.g., Farmer v. Bank of Am., Case No. 4:13-cv-472, 2014 WL 12575849, at *10 (E.D. Tex. July 15, 2014) ("Plaintiff has offered no evidence that Defendants charged Plaintiff any improper or excessive fees under the Deed of Trust given his serious default on the loan."); James v. Litton Loan Serv., LP, No. C 10-05407 CRB, 2011 WL 724969, at *3 (N.D. Cal. Feb. 22, 2011) ("Though the Court might find it unseemly to require cash-strapped borrowers to pay the lender's attorneys' fees in connection with default, the papers here say that Defendants can do so."). Accordingly, Kimberly's breach of contract claim regarding the deed of trust

---

[9] The Plaintiffs do not indicate how any fees were unreasonable but only that they should not have been applied to the account in the first place.

cannot survive summary judgment.

Furthermore, although there is a genuine dispute of material fact as to the 2013 loan assumption and modification agreement, it does not preclude summary judgment on the breach of contract claim. In its June 8, 2017 Order, this Court denied the Plaintiffs' motion for leave to file a second amended complaint, in which they attempted to allege an additional breach of contract claim as to the 2013 assumption and modification. ECF No. 79. Their justification for amendment was that the information regarding the assumption and modification had "consistently been within [Chase's] knowledge, possession, and control" and was uncovered during a deposition on April 27, 2017. ECF No. 66 at 4. The Court disagreed with the Plaintiffs' reasoning, finding that the information regarding the assumption and modification necessarily would have been known to Kimberly in 2013 as a party to the alleged agreement. See ECF No. 79 at 4. Therefore, the Court denied the motion to amend and thus the breach of contract claim relating to the 2013 loan assumption and modification is not presently before it.

Finally, Chase avers that there is no independent cause of action for a breach of good faith and fair dealing. Here, because the Court has found that the breach of contract claim fails in its entirety, any standalone claim for a breach of the duty of good faith and fair dealing must also fail. See Stand Energy Corp. v. Columbia Gas Transmission Corp., 373 F. Supp. 2d 631, 644 (S.D. W. Va. 2005) (finding that claim for violation of good faith and fair dealing does not exist separate from breach of contract). Accordingly, because all of the bases in support of Kimberly's breach of contract claim fail, Chase's motion for summary judgment as to Count V is **GRANTED**.

## IV. Conclusion

Based upon the foregoing, the Court **ORDERS** Defendant Chase's Motion for Summary Judgment **GRANTED IN PART** and **DENIED IN PART**. Specifically, Chase's motion is

1. **GRANTED** as to all counts alleged by the Estate;
2. **GRANTED** as to all counts alleged by Richard Bradley Weller;
3. **DENIED** as to Counts I, II and VI as alleged by Kimberly Weller;
4. **GRANTED** as to Count III as alleged by Kimberly Weller insofar as the claim relates to the original loan;
5. **DENIED** as to Count III as alleged by Kimberly Weller insofar as the claim relates to the 2013 loan assumption and modification agreement;
6. **GRANTED** as to Count IV; and
7. **GRANTED** as to Count V.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record herein.

**DATED:** August 18, 2017

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE